[Civ. No. 7983.   Third Dist.   Apr. 22, 1952.]

SAN FRANCISCO BREWING CORPORATION, Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Respondents.

[Civ. No. 7984.   Third Dist.   Apr. 22, 1952.]

ACME BREWERIES, Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Respondents.

E. H. Hoerchner for Appellants.

Edmund G. Brown, Attorney General, James Sabine and Ernest P. Goodman, Deputy Attorneys General, for Respondents.

PEEK, J.—These are consolidated appeals from judgments in favor of defendants which were entered following the sustaining of demurrers to the respective plaintiffs' complaints without leave to amend.

Each complaint contains identical allegations that the State Board of Equalization levied additional assessments on beer made by plaintiffs; that all of said beer was sold for export and was actually exported; that plaintiffs paid such assessments and thereafter petitioned the board for reassessment, which was denied, as was their petition for a refund; that the sole ground for the board's action was the alleged failure of plaintiffs to comply with rule 54, title 4, article 10, section 54, California Administration Code. Defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were sustained without leave to amend and judgments were entered accordingly.

Section 23 of the Alcoholic Beverage Control Act (2 Deering's Gen. Laws, Act 3796) provides for an excise tax on beer sold in this state by a manufacturer, except as otherwise provided in said act. The pertinent portions of section 23(b) of said act, as amended, provide in part:

"It shall be presumed, for the purposes of this act, that all beer manufactured in this State by a manufacturer, . . . has been sold in this State by such manufacturer unless proven to the satisfaction of the board, in reports on forms prescribed by the board, that such alcoholic beverage . . . (3) has been exported without this State or sold for export by the licensee making the report. . . .

"No excise tax mentioned in Section 23 hereof shall be or is imposed by this act upon any beer exported by a licensed manufacturer from within this State to any place without the State or sold by a licensed manufacturer for export from within this State to any place without the State and actually exported from this State. . . .

"Any claim for exemption from excise tax under this section must be made to the board, in such manner as the board shall prescribe.

"In the event excise taxes under this act have been paid on beer subsequently exported from the State or sold for export and actually thereafter exported from this State, a taxpayer may claim and shall be allowed credit with respect to such tax in any report filed or assessment made under this act."

Said rule 54 of the State Board of Equalization prescribes two procedures as conditions precedent to claims for tax exemption for exported alcoholic beverages: First, in the case of purchase and delivery to an out of state purchaser in this state for export in purchaser's own vehicle, said purchaser must apply to the board for an identification permit, which permit must be presented at the time of making purchases, to the California taxpayer, who in turn must complete a prescribed form (SBE Form 260). Second, in the case of delivery made outside of the state by a common carrier, the taxpayer must support his claim for exemption by a copy of the shipping documents receipted for by the common carrier.

Appellants first contend that as section 23(b) of the Alcoholic Beverage Control Act is a statutory exemption of exported beer from imposition of excise taxes as provided in the Alcoholic Beverage Control Act, the exemption cannot be destroyed by a rule or regulation of the board.

Respondents' answer is that section 23(b) has made compliance with the board rule mandatory for a taxpayer claiming an exemption; that the right to exemption is not destroyed by said rule because (1) the statute expressly conditions the right to exemption on a compliance with the procedure prescribed by the board, and (2) because said rule is a reasonable regulation prescribing a very simple procedure for claiming exemption.

Although appellants endeavor to distinguish the case, it would appear that *Chesney* v. *Byram*, 15 Cal.2d 460 [101 P.2d 1106] is determinative of the question here presented. In that case Chesney, a war veteran, by a writ of mandate, sought to compel H. L. Byram, county tax collector of Los Angeles County, to allow the $1,000 property tax exemption given to veterans by article XIII, section 1¼ of the Constitution, which provides in part that

". . . property to the amount of one thousand dollars of every resident of this state who has served in the army, navy.

marine corps or revenue marine service of the United States in time of war . . . *shall be* exempt from taxation . . ." (Italics added.)

Chesney had failed to comply with Political Code, section 3612, which provided the procedure by which advantage could be taken of the exemption. But he contended such provision was unconstitutional and void as an invalid statutory limitation upon his constitutional right of exemption. "The sole question then," the court stated, ". . . is whether the waiver provision of section 3612 of the Political Code is an invalid infringement of a constitutional right, or is a valid legislative provision regulating the exercise or assertion thereof." In answer thereto the court held that even though Chesney was clearly entitled to an exemption, by his failure to follow the method provided in said section 3612, he had waived the right. The court further held that although the constitutional provision was self-operative the Legislature had the power to enact legislation providing reasonable regulation for the exercise of the right conferred by the Constitution; and that since the legislation so enacted provided a uniform procedure for the exercise of the right so conferred, it could not be construed to be an invalid limitation on said right.

We are convinced that the present case comes squarely within the principle so enunciated. Here the board was specifically authorized to prescribe the procedure for "any claim for exemption from excise tax . . . in such manner as the Board shall prescribe." Pursuant to the authority so delegated the board, by rule 54, set forth the procedure to be followed. Applying the principle stated to the facts presented it cannot be said that such rule was not within the authority so delegated nor was it an invalid limitation of the statutory exemption. Hence in the absence of any showing to the contrary it must be construed to be a reasonable and valid exercise thereof. (*American Distilling Co.* v. *State Board of Equalization,* 55 Cal.App.2d 799, 805 [131 P.2d 609].) Therefore appellants' failure to comply therewith must, on the authority of the Chesney case, be held to be a waiver of the exemption insofar as the transactions here involved are concerned.

Appellants' second contention likewise is without merit. Paragraph 4 of section 23(b) does not, as appellants contend, provide that " 'a taxpayer *shall be allowed credit*' in the event excise taxes under this act *have been paid* on

beer sold for export and actually thereafter exported from this state.'' (Italics appellants.) To the contrary the paragraph specifically provides that *"in the event excise taxes under this act have been paid on beer subsequently exported . . .* or sold for export and actually thereafter exported . . . a taxpayer may claim and shall be allowed credit with respect to such tax in any report filed or assessment made . . .'' (Italics ours.)

It is admitted by appellants that the beer was first exported, that thereafter the tax was paid, and that no attempt was made to comply with rule 54. But they contend that said rule could not apply to claims for exemption made under paragraph 4 of the section since rule 54 was enacted by the board prior to the time that paragraph 4 was added to section 23(b).

However, as previously stated, it must be borne in mind that by the provisions of paragraph 3 of section 23(b) it becomes mandatory for one who makes *"any claim* for exemption . . .'' under that section to make his claim ''. . . to the Board in such manner as the Board shall prescribe.'' (Italics added.) Nowhere in the section is there any provision for, or relief granted to, one who has failed to pay the tax until after the beer has been exported—the precise situation presented in the instant case.

It necessarily follows that since *any claim* for exemption of excise taxes for exported beer under the Alcoholic Beverage Control Act ''must be made to the Board in such manner as the Board shall prescribe,'' and since admittedly no attempt was made to comply with rule 54, which was adopted by the board pursuant to such statutory authority, appellants' second contention is also without merit.

The judgments are affirmed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied May 9, 1952, and appellants' petition for a hearing by the Supreme Court was denied June 19, 1952. Schauer, J., was of the opinion that the petition should be granted.