[Civ. No. 16237. First Dist., Div. Two. Apr. 1, 1955.]

THE AMERICAN DISTILLING COMPANY (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Respondents.

74

Norman A. Eisner and Haskell Titchell for Appellant.

Edmund G. Brown, Attorney General, James E. Sabine, Assistant Attorney General, Ernest P. Goodman and Sho Sato, Deputy Attorneys General, for Respondents.

NOURSE, P. J.—This is an action for refund of excise taxes imposed under section 24 of the Alcoholic Beverage Control Act (Deering's General Laws, Act 3796, hereinafter called the act). Defendants, Treasurer of the State of California and members of the State Board of Equalization, had judgment, after their demurrer to the amended complaint on the ground that it did not state a cause of action was sustained without leave to amend, and plaintiff appeals.

The allegations of the amended complaint relevant to the appeal are to the following effect:

On January 31, 1952, a determination of additional alcoholic beverage excise taxes and interest was served on plaintiff

with respect to sales made by plaintiff in 1950. All the beverages upon which the claim was based were sold for export and actually exported from this state within 30 days from the date of the sale, partly through common carrier, partly in vehicles owned by the purchasers. With respect to each of said sales plaintiff had filed its claim for excise tax exemption on SBE Form 244B in compliance with the instructions of the State Board of Equalization (herein further called the board) but plaintiff was at the time said sales were made, unaware of the requirement of the board with respect to the filing of SBE Form 260 for proof of sales exported in vehicles owned by the purchaser. On February 11, 1952, plaintiff filed with the board a petition for redetermination of the above additional tax. Prior to the hearing of said petition plaintiff became aware of the requirement as to SBE Form 260 and furnished to the board proof of exportation upon said form. The board granted plaintiff's petition with respect to those beverages which had been exported by common carrier, but denied it with respect to those exported in vehicles owned by the purchasers, notwithstanding the fact that the sale for export and the actual export within 30 days from the sale were proved to the satisfaction of the board, but solely because plaintiff had not filed Form 260 at the time provided for. Plaintiff paid, under protest, the additional tax upheld and filed with the board a claim for refund, which refund was denied.

It is further alleged that the additional tax was illegally collected, because the exported beverages on which it was based were tax exempt under sections 24.2 and 24.25 of the act, the claim of exemption had duly been filed on Form SBE 244B, the full report on SBE Form 260 as to said sales had been filed prior the hearing for redetermination of tax, the failure to furnish proof on said Form 260 promptly or at all is by section 24.2 of the act made presumptive only of taxable sale within the state not conclusive and does not cause forfeiture of the claim of exemption, and the action of the board which made the presumption conclusive is contrary to law and beyond the jurisdiction of the board.

The question decisive of the correctness of the sustaining of the demurrer without leave to amend is whether the facts alleged in connection with the matters of which the court takes judicial notice show that by not filing Form 260 at the time provided for appellant as a matter of law forfeited its claim of exemption. ■ The courts take judicial notice

of the rules of the board. (Code Civ. Proc., § 1875, subd. 3; *Anders* v. *State Board of Equalization*, 82 Cal.App.2d 88, 98 [185 P.2d 883].) ▮ On demurrer all matter of which the courts take judicial notice must be read into the pleading even when the pleading contains an express allegation to the contrary. (*Chavez* v. *Times-Mirror Co.*, 185 Cal. 20, 23 [195 P. 666].) ▮ The demurrer does not admit the truth of conclusions of law pleaded. (*Connecticut Gen. L. Ins. Co.* v. *Johnson*, 8 Cal.2d 624, 629 [67 P.2d 675].)

The regulation as to Form 260 was and is contained in rule 54a of the board (Cal. Admin. Code, tit. 4, ch. I) which reads:

"Licensees of other states desiring to make purchases of alcoholic beverages in California for export in private vehicles owned or operated by the out-of-State licensee, shall apply to the board for an identification permit on application forms prescribed by the board.

"The identification permit issued by the board must be presented to the California taxpayer at the time of making purchases of alcoholic beverages in California, at which time the California taxpayer must complete SBE Form 260, Report of Sale of Alcoholic Beverages for Export.

"Pages 1 and 2 of this report shall be delivered to the purchaser. Page 3 shall be forwarded to the board at the time sale is completed, together with copy of invoice or invoices listed on the report. Page 4 shall be retained by the California taxpayer. The out-of-State purchaser must report the importation to the liquor control authority of his own state and obtain the approval of such authority on page 1 of the report. The approved page 1 must then be returned to the California taxpayer. Page 1, properly approved, must be kept on file at the premises of the California taxpayer as proof of export and for verification by employees of the board.

"Claims for tax exemption, where delivery is made to the purchaser in this State, will be allowed only upon completion of the foregoing procedure."

It has been held in *San Francisco Brewing Corp.* v. *Johnson*, 110 Cal.App.2d 479 [243 P.2d 53], that a provision of the act that certain claims for exemption from excise tax must be made to the board "in such manner as the board shall prescribe," authorized the board to prescribe the procedure for such claims; that rule 54 was within the authority so granted and in the absence of a showing to the contrary must be con-

strued to be a reasonable and valid exercise thereof. Where no attempt was made to comply with rule 54, the exemption was held to have been forfeited and the sustaining of a demurrer to the complaint without leave to amend was upheld. The case related to excise tax on beer and therefore involved other sections of the act, but as these sections are to the same effect as those here involved this does not influence its authority for this case. However, it does not appear that the arguments urged in this case for the illegality of the effect given to rule 54a were considered in the San Francisco Brewing Corporation case and the fact that here the Forms 260 were furnished to the board, although later than provided for in rule 54a, whereas no attempt of compliance was made in the cited case, might be a distinguishing feature.

The sections of the act here involved read (§ 24.2): "It shall be presumed that all distilled spirits acquired by any taxpayer have been sold in this State by him unless proven to the satisfaction of the board, in reports on forms prescribed by the board, that such distilled spirits are (1) still in the possession of such licensee, or (2) that such distilled spirits have been sold or delivered to another licensed distilled spirits manufacturer, rectifier, importer or wholesaler, or (3) that such distilled spirits have been exported without this State or sold for export by the licensee making the report and actually exported from this State within 30 days from the date of such sale, or (4) that prior to the termination of possession such distilled spirits have been lost through unintentional destruction, or (5) that prior to the termination of possession there has been an unaccounted for loss, but such unaccounted for loss shall not exceed a tolerance to be fixed by the board, or (6) that such distilled spirits are otherwise exempt from taxation under this act."

Section 24.25: "The excise tax imposed by Section 24 of this act shall not be, and is not imposed upon any distilled spirits specifically mentioned in Section 24.2, subdivisions (1) to (7) thereof.

"Any claim for exemption from excise taxes under Section 24.2 must be made to the board in such manner as the board shall prescribe."

Appellant mainly urges a distinction between the "claim," as to which the board may give binding rules under section 24.25 last paragraph and the "proof," as to which noncompliance with the rules of the board gives under section 24.2 rise to a rebuttable adverse presumption only. It is alleged

that Form 244B is "the claim" and that appellant duly filed it, whereas Form 260 is a matter of proof and that the presumption caused by appellant's failure to comply with it at the time of the sale has been rebutted. The reasoning is without merit.

The authority given to the board in section 24.25 last paragraph *supra* to make binding rules as to the manner of claiming an excise tax exemption is not restricted to prescribing one form for the filing of such claim. It extends to the whole procedure applicable to the claiming of such exemption including the manner in which, the form on which, and the time at which proof must be furnished. Section 24.2 does not contain anything inconsistent with such power.

It provides in substance that it is enough (for the purpose of exemption) that the board is satisfied by reports filed on forms prescribed by the board, that certain enumerated facts which exclude tax liability have taken place. If the board is not so satisfied, then there is a presumption of sale in this state and the burden of proof of the exemption is on the taxpayer. There is no provision in this section as to the manner in which the taxpayer must furnish this proof in rebuttal. The board is given power to prescribe the manner of this proof in the general enabling provision of section 24.25 last paragraph and this power is not limited by the above provision of section 24.2 but is in addition to it.

As part of this manner the board can also prescribe the time at which data on which the taxpayer relies must be furnished to it, as it did in rule 54a, *supra*. Said rule is therefore within the board's power regardless of whether Form 260 is considered as relating to the claim, its proof or both.

The imperative character of the prescribed use of Form 260 is clearly shown by the last paragraph of section 24.25 and of rule 54a. That even a constitutional substantive right can be lost by failure to adhere to the prescribed procedure was held in *Chesney* v. *Byram,* 15 Cal.2d 460 [101 P.2d 1106], on which the San Francisco Brewing Corporation case *supra* relies.

Appellant further contends that even if the board had power to make binding rules of the kind of rule 54a, the specific rule is an unreasonable exercise of its power because the required authentication of the form by the liquor control authority of the foreign state and the return of the form so authenticated to the taxpayer are beyond said taxpayer's

80

control. The matter criticized is not actually involved in this case. It does not appear that appellant experienced any difficulty in obtaining the cooperation of the foreign liquor control authority. ■ To be entitled to raise a constitutional question, like the one of due process here involved, the party complaining must show that his rights are injuriously affected, that he is aggrieved, by the matter complained of. (11 Cal.Jur.2d, Constitutional Law, § 68; *In re Durand,* 6 Cal. App.2d 69 [44 P.2d 367].)

■ We conclude that the provision of rule 54a with which appellant did not comply at the time prescribed was binding on it. In its closing brief appellant contends, however, that even if noncompliance would justify the forfeiture of the exemption, the belated compliance in this case did not justify it. ■ It is true that requirements relating to the time within which acts are to be done are frequently held to be directory only (23 Cal.Jur. 615; *Francis* v. *Superior Court,* 3 Cal.2d 19, 27 [43 P.2d 300]) and that the provision requiring the furnishing of Form 260 *at the time of the sale* can be so considered. However, also directory provisions must be complied with as nearly as practicable, and they may be enforced, certainly in the absence of excusatory facts. (82 C.J.S. 869; 50 Am.Jur. 43.) ■ Where in this case the complaint showed on its face that appellant was more than a year late in filing the forms, and that the only excuse offered was that he was not aware of the existence of the published rule, the court could decide as a matter of law that the decision of the board was not an abuse of discretion and that appellant was not entitled to relief. Even under the express relief provision of section 473, Code of Civil Procedure, not here applicable, the relief is in the discretion of the trial court and ignorance of law is as a rule not a sufficient excuse (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385]).

Judgment affirmed.

Dooling, J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 25, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.