[Crim. No. 6567. Third Dist. July 6, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RODRICK SERRANO, Defendant and Petitioner.

[Crim. No. 6757. Third Dist. July 6, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT C. LIPPE, Defendant and Petitioner.

(Consolidated Proceedings.)

**COUNSEL**

Archibald M. Mull, Jr., under appointment by the Court of Appeal, for Defendants and Petitioners.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr.; Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Jack R. Winkler, Charles P. Just and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JANES, J.**—Effective January 1, 1972, by an amendment of rule 31(a) of the California Rules of Court, the time to file notice of appeal in criminal cases was changed from 10 days to 60 days and there was deleted from that rule its former language which had authorized the reviewing court in appropriate cases to grant criminal defendants relief from their failure to file timely notice of appeal. Likewise effective January 1, 1972, rule 31(d) was amended to provide that appeals from convictions on pleas of guilty or nolo contendere must be taken within 60 days after judgment, rather than (as formerly) 10 days.

Upon the application of each above named petitioner, we issued orders to show cause to determine whether, in the factual context of the cases here presented, this court's power to permit late criminal appeals has been eliminated by the 1972 amendments. The proceedings have been consolidated for hearing and decision.

### APPLICATION OF RODRICK SERRANO

The allegations of Serrano's petition are uncontroverted by the People's return.

On January 7, 1972, in the Superior Court of San Joaquin County, judgment was entered on a jury verdict convicting Serrano of second degree murder. His trial attorney promised him at that time that he (the attorney) would file notice of appeal. Serrano relied on that promise. He was sent to the California Medical Facility at Vacaville on January 7, and was later transferred to Deuel Vocational Institution at Tracy.

On February 8, 1972, Serrano's mother telephoned the attorney and asked him whether he had filed her son's notice of appeal. The attorney

told her not to worry about it, and assured her that he would file the notice. On February 20, Serrano requested his mother to check with the attorney again. When she did so on February 29, the attorney once more told her not to worry—that "someone" would take care of the notice of appeal.

On March 3, 1972, Serrano's mother visited the Legal Aid Society in Stockton. A representative there informed her that the Legal Aid Society could not assist with her son's notice of appeal unless trial counsel withdrew from the case. On March 7 (the 60th day after entry of judgment), when the mother again telephoned Serrano's attorney, the attorney refused to withdraw; and, when she asked him then whether he had filed the appeal, the attorney replied that he had not done so and that he could not provide any more assistance until she paid him the remainder of his fee. The attorney had not theretofore told Serrano that the promise of January 7 would not be kept.

On March 8, Serrano's mother again visited the Legal Aid Society in Stockton and was referred by the Legal Aid Society to the San Joaquin County public defender, who furnished her with a form notice of appeal. The mother took the form to Deuel Vocational Institution that day, where her son filled out the form and signed it. Serrano's mother then returned to Stockton on March 8 and left the notice of appeal with the county clerk —one day late.

On March 13, 1972, Serrano received notification from the county clerk that the notice of appeal had not been filed on time, and would therefore be marked "Received but not filed." (See, rule 31(a).) On April 5, with the assistance of a fellow inmate, Serrano filed with the county clerk an affidavit of indigency and another notice of appeal, as well as an affidavit and written motion which alleged his attorney's default and requested permission to file a late appeal. On April 10, Serrano received notice from the county clerk that his appeal was not timely and that his latest documents had been marked "Received but not filed."

At that juncture, Serrano thought he had exhausted all legal remedies available to him. On June 23, however, he was told by a fellow inmate that he might obtain assistance from the Indigent Criminal Appeals Project at Hastings College of the Law in San Francisco. On July 3, Serrano wrote to Hastings and requested assistance. His letter did not reach the student director of the project until July 11; because the project had no clerical personnel, the director was unable to deliver the letter to a student volunteer until July 18.

The student volunteer was working 40 hours per week during the sum-

mer, owned no automobile, and had to correspond with Serrano by mail. The student was refused admission to Deuel on his first visit, and the authorities there would not permit him to see Serrano on weekends. For those reasons, the student's assistance was delayed, and Serrano's application (prepared with the student's help) was not delivered to this court until August 28, 1972.

## APPLICATION OF ROBERT C. LIPPE

The relevant facts alleged in Lippe's petition are not disputed by the Attorney General.

On February 17, 1972, in the Placer County Superior Court, Lippe was sentenced on his pleas of guilty to charges of selling marijuana and possessing restricted dangerous drugs. Neither the trial court, nor the public defender who represented Lippe, advised him either of the right of appeal or of the procedure to appeal.[1]

According to Lippe's declaration attached to his petition, it was "several weeks" after judgment that he first learned, from a prison counselor, of the right to appeal. The counselor suggested that Lippe contact defense counsel or the University of California (Davis) Law Student Program to find out the procedure. The people handling the Law Student Program informed him that there was a long waiting list and that he should wait until after his impending transfer to another prison. He "did not learn the manner in which to appeal" until July 1972, when a fellow inmate told him. Lippe's unawareness caused his failure to timely appeal.

Lippe's petition was received in this court on September 5, 1972,[2] nearly seven months after judgment.

## CONTROLLING PRINCIPLES

### a. *Serrano*

As to both petitions, the Attorney General argues that "a legislative [*sic*] change expressly deleting the discretionary language previously found

---

[1]The People's return includes the declaration of the deputy public defender who represented Lippe. Although the declaration alleges that Lippe "at no time asked the [defender] to file a notice of appeal," the declaration is silent as to whether Lippe was advised of any such right or of attendant procedures. (See fn. 2, *infra*.)

[2]Lippe does not allege that he first filed with the trial court either a notice of appeal or a statement under Penal Code section 1237.5. (See Cal. Rules of Court, rule 31(d).) In view of the disposition as to Lippe which we reach hereinafter, it is unnecessary to determine whether such omission bars relief in this court. (Cf. *People* v. *Johnson* (1964) 61 Cal.2d 843, 846 [40 Cal.Rptr. 708, 395 P.2d 668].)

in Rule 31(a) prior to the January 1, 1972 amendment, deprives this Court of jurisdiction under Rule 31(a), to grant belated notices of appeal." The contention is without merit as to Serrano's petition, because it overlooks the constitutional principles which, at least in part, have motivated relief from default in cases such as his.

Prior to the 1972 amendments of rules 31(a) and 31(d), the state Supreme Court summarized the law thusly: "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation]; or if the attorney made a timely promise to file a notice of appeal, thereby invoking reasonable reliance on the part of the defendant [citation]. A defendant may also be entitled to relief if his default was caused by ignorance of the right to appeal or of the 10-day period within which a notice of appeal must be filed. [Citation.]" (*People* v. *Sanchez* (1969) 1 Cal.3d 496, 500-501 [82 Cal.Rptr. 634, 462 P.2d 386].)

Such relief for an indigent defendant, where the attorney was derelict, was based in part upon liberal application of former rule 31(a). Relief from lawyer dereliction, however, was grounded also on equal protection of the laws. (See *People* v. *Tucker* (1964) 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449], citing *Lane* v. *Brown* (1963) 372 U.S. 477 [9 L.Ed.2d 892, 83 S.Ct. 768]; cf. *Gairson* v. *Cupp* (9th Cir. 1969) 415 F.2d 352 (trial counsel held ineffective for failure to preserve defendant's statutory right to appeal).)

No fatal lack of diligence appears on the part of Serrano. (See *In re Anderson* (1971) 6 Cal.3d 288, 294-295 [98 Cal.Rptr. 825, 491 P.2d 409].) Although rule 31(a) no longer contains an express provision for relief from default, the deletion of such provision cannot deprive the appellate courts of their inherent duty to protect constitutional rights. (See *People* v. *Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868];[3] cf. *People* v. *Sirhan* (1972) 7 Cal. 3d 710, 751 [102 Cal.Rptr. 385, 497 P.2d 1121]; *People* v. *Prior* (1945) 294 N.Y. 405, 412 [63 N.E.2d 8, 11, 169 A.L.R. 1157] (concurring opinion); *State* ex rel. *Ricco* v. *Biggs* (1953) 198 Ore. 413, 430 [255 P.2d

---

[3]Long before rule 31(a) was amended in 1959 to provide that a defendant might "petition the reviewing court for relief" from default in timely filing, it was held in *People* v. *Slobodion, supra,* 30 Cal.2d at page 368, that the equal protection clause of the Fourteenth Amendment required that a notice of appeal be deemed "constructively filed" where it was timely delivered by an inmate to prison authorities.

1055, 1063, 38 A.L.R.2d 720].) By parity of reasoning, the change from 10 days to 60 days will reduce the number of belated appeals, and will make it more difficult to prove grounds for relief; but the mere change in time limit cannot *eliminate* such grounds where they spring from constitutional doctrine.

 Serrano's petition, grounded on lawyer dereliction, states a classic case for relief under the federal Constitution, and must be granted.

### b. *Lippe*

Lippe's petition involves more recent developments in state criminal procedure. As recently as 1966, the state Supreme Court declined to invoke constitutional doctrines as a basis for granting relief from ignorance of the right to appeal and attendant procedures. (*People* v. *Hatten* (1966) 64 Cal.2d 224, 228 [49 Cal.Rptr. 373, 411 P.2d 101].) When in 1969 the court opened the door to relief from such ignorance, it did so only by applying the court's "policy of liberally exercising its power, under [former] rule 31(a), to grant relief in appropriate cases . . . ." (*People* v. *Acosta* (1969) 71 Cal.2d 683, 688 [78 Cal.Rptr. 864, 456 P.2d 136] (overruling *People* v. *Hatten, supra*).)

As adopted effective January 1, 1972, rule 250 of the California Rules of Court (Superior Court Rules) provided in relevant part: "After imposing sentence in a criminal case upon conviction *after trial,* the court shall advise the defendant of his right to appeal from the judgment, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court." (Italics added.)[4]

Notwithstanding the fact that he seeks relief after entry of guilty pleas, rather than "after trial," Lippe contends that the failure of the trial judge to advise him of a right to appeal, "as specified in California Rules of Court, Rule 250, deprived [him] of due process of law." He makes further claim of inadequate representation in that his appointed trial counsel did not advise him that he had a right to appeal.

Neither argument has merit. ,

No violation of due process is shown. The claimed application of rule 250 is not pursued as a constitutional argument by Lippe; his initial con-

---

[4]By amendment effective July 1, 1972, rule 250 was also made applicable after the making of "an order deemed to be a final judgment in a criminal case upon conviction after trial . . . ."

tention merely *assumes* the rule's application to his case, despite express language in the rule confining it to conviction *after trial*. ■ Since Lippe entered pleas of guilty, rule 250 was inapplicable to his case. Moreover, Lippe's petition and traverse allege nothing which would constitute even a possible basis for a right of appeal after plea of guilty. (See *People* v. *Ribero* (1971) 4 Cal.3d 55, 60-64 [92 Cal.Rptr. 692, 480 P.2d 308]; Pen. Code, §§ 1237.5, 1538.5, subd. (m); Cal. Rules of Court, rule 31(d).) "A constitutional issue . . . will not be decided on the basis of speculation or hypothesis not shown to affect the parties before the court." (*In re Johnson* (1965) 62 Cal.2d 325, 332 [42 Cal.Rptr. 228, 398 P.2d 420].) ■ "To be entitled to raise a constitutional question, like the one of due process . . . , the party complaining must show that his rights are injuriously affected, that he is aggrieved, by the matter complained of." (*American Distilling Co.* v. *Johnson* (1955) 132 Cal.App.2d 73, 80 [281 P.2d 598]; see *People* v. *Williams* (1966) 247 Cal.App.2d 169, 170 [55 Cal.Rptr. 434].)

■■ Similarly, Lippe's claim that he was deprived of adequate counsel is defeated by his failure to allege circumstances which show—even arguably—that his guilty pleas did not foreclose a right of appeal. Unlike a defendant who has been convicted after trial, one convicted of a felony on a plea of guilty has no absolute statutory right to appellate review of the judgment. (See Pen. Code, § 1237, subd. 1; *People* v. *Ribero, supra,* 4 Cal.3d at pp. 60-64.) Counsel cannot be said to have been inadequate, therefore, in failing to protect a right of appeal to which Lippe has not shown he was entitled. "Defendant has the burden . . . of establishing his allegation of inadequate representation 'not as a matter of speculation but as a demonstrable reality.' " (*People* v. *Reeves* (1966) 64 Cal.2d 766, 774 [51 Cal.Rptr. 691, 415 P.2d 35].)[5]

In 3 Crim. 6567, petitioner Serrano's application for relief is granted. The San Joaquin County Clerk is directed to file the notice of appeal tendered by Serrano on March 8, 1972, and to treat the same as a timely notice of appeal. In 3 Crim. 6757, petitioner Lippe's application for relief is denied.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied August 2, 1973, and respondent's petition for a hearing by the Supreme Court was denied August 29, 1973. Clark, J., was of the opinion that the petition should be granted.

---

[5]We do not rest our denial of Lippe's petition upon his admission that within "several weeks" after judgment (and thus within the 60-day period allowed by amended rule 31) he learned in prison of his "right to appeal." A fair appraisal of the documents before us shows that Lippe had no knowledge that the time to appeal had been extended from 10 to 60 days.