[Crim. No. 12871. First Dist., Div. One. July 23, 1974.]

In re ALFONSO HERNANDEZ on Habeas Corpus.

## COUNSEL

Sheldon Portman, Public Defender, and W. Richard Such, Deputy Public Defender, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Ronald E. Niver, Deputy Attorneys General, for Respondent.

## OPINION

**MOLINARI, P. J.**—Petitioner pleaded guilty to a misdemeanor in the municipal court. He filed an application in the appellate department of the superior court for relief from default for not filing a notice of appeal within the time prescribed by rule 182(a) of the California Rules of Court (hereinafter "the Rules of Court"). In this habeas corpus proceeding we issued an order to show cause why petitioner's notice of appeal should not be filed. Respondents have filed their return to the order to show cause in which the allegations of the petition are uncontested.

Petitioner entered a plea of guilty to a misdemeanor charge on December 11, 1973. A notice of appeal from the judgment of conviction was filed on his behalf on January 16, 1974. The clerk of the court refused to accept it for filing because it was not timely but marked it "Received" as of that date. Under rule 182(a) of the Rules of Court petitioner had 30 days within which to file his notice of appeal. Petitioner alleges that he failed to file the notice of appeal within the period fixed by the Rules of Court because he was ignorant of his right to take an appeal, he was never advised of this right by his attorney, nor was he so advised by the trial court.[1]

---

[1]Petitioner seeks to invoke appellate review pursuant to Penal Code section 1538.5, subdivision (m), to test the legality of a search and seizure which he unsuccessfully challenged in the municipal court prior to the entry of his plea of guilty.

Petitioner's counsel had intended to file a notice of appeal, although petitioner had not requested him to do so, but mistakenly noted on his calendar the date of January 15, 1974, rather than January 10, 1974, as the last day on which such notice could be filed. These facts were set forth in a verified application for relief from default filed by petitioner's attorney. This application was denied by the appellate department of the superior court.

■ A petition grounded on lawyer dereliction "states a classic case for relief under the federal Constitution" (*People* v. *Serrano,* 33 Cal.App.3d 331, 337 [109 Cal.Rptr. 30]) notwithstanding the absence of any provision for the granting of such relief either by statute or the Rules of Court. (*People* v. *Serrano, supra,* at pp. 336-337.) Such relief is grounded on equal protection of the laws. (*People* v. *Serrano, supra,* at p. 336; see *People* v. *Tucker,* 61 Cal.2d 828, 832 [40 Cal.Rptr. 609, 395 P.2d 449].) No fatal lack of diligence appearing on the part of petitioner, his petition on the ground of lawyer dereliction must be granted in the exercise of our inherent duty to protect constitutional rights. (*People* v. *Slobodion,* 30 Cal.2d 362, 368 [181 P.2d 868]; *People* v. *Serrano, supra,* at pp. 336-337.)

Since the petition must be granted on the ground indicated we need not consider the other grounds urged by petitioner. We do observe that *Serrano* holds that rule 250 of the Rules of Court[2] dealing with notification of appeal rights is inapplicable where the defendant enters a plea of guilty. (33 Cal.App.3d at p. 338.) It was also held in *Serrano* that no violation of due process was shown and that to be entitled to raise a constitutional question like due process the party complaining must show that his rights are injuriously affected, that he is aggrieved, by the matter complained of. (At p. 338.)

In the instant case the constitutional complaint is grounded on the denial of equal protection of the laws on the basis that defendants convicted after a trial are required to be advised of their right to appeal under rule

---

[2]Rule 250 of the Rules of Court provides as follows: "After imposing sentence or making an order deemed to be a final judgment in a criminal case upon conviction after trial, the court shall advise the defendant of his right to appeal from the judgment, of the necessary steps and time for taking an appeal and of the right of an indigent defendant to have counsel appointed by the reviewing court. A reporter's transcript of the proceedings required by this rule shall be forthwith prepared and certified by the reporter and filed with the clerk." This rule is found in division 1 of title 2 of the Rules of Court dealing with rules applicable to superior courts. There is no comparable rule in that part of the rules applicable to municipal courts. However, no contention is made by respondents that this rule is not applicable to municipal courts.

250 while those who enter pleas of guilty are not accorded this advice. We need not reach this issue since our determination that petitioner is entitled to pursue his appeal on the ground of lawyer dereliction negates any claim that his rights are injuriously affected. We observe, moreover, that since petitioner's lawyer intended to and did in fact file a notice of appeal, although untimely, the failure of the trial court to specifically advise petitioner of his right to appeal was of no serious consequence.

Let the writ issue. The appellate department of the superior court is directed to order the clerk of the municipal court for the San Jose-Milpitas Judicial District, County of Santa Clara, to file the notice of appeal tendered to said clerk on January 16, 1974, in action No. M-42784, and to treat the same as a timely notice of appeal. The order to show cause herein is discharged.

Sims, J., and Elkington, J., concurred.

On August 13, 1974, the judgment was modified to read as printed above.