[Crim. No. 31151. Second Dist., Div. Five. Jan. 30, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD BALTOR, Defendant and Appellant.

## COUNSEL

George S. Vorgitch for Defendant and Appellant.

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer and James H. Barnes, Deputy Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

Burt Pines, City Attorney, and S. Thomas Todd, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Defendant was convicted in municipal court of assault (Pen. Code, § 240) and of possession of a billy (Pen. Code, § 12020). Sentence was pronounced on November 4, 1976. The trial court did not advise defendant of his right to appeal. On January 20, 1977, defendant filed a motion for relief from default in the appellate department of the superior court, requesting that he be allowed to file a late notice of appeal. That court appointed counsel for defendant, who is indigent, and set the matter for hearing, requesting that the parties address themselves to the question of whether the fact that the court did not inform defendant of his right to appeal denied him equal protection of the law. After hearing, the appellate department issued an order granting relief from default, which it certified for publication. We thereafter ordered the

cause transferred to this court pursuant to rule 62(a) of the California Rules of Court.

 The initial issue before us is the equal protection question raised below. Rule 250 of the California Rules of Court requires superior court judges, after imposing sentence in criminal cases, to notify the defendant of his right to appeal, of the necessary steps and time for taking an appeal, and of the right of an indigent defendant to have counsel appointed by the reviewing court. If the superior court fails to comply with rule 250, the appellate court will authorize the processing of a belated notice of appeal upon a showing that the defendant was ignorant of his appellate rights during the period provided by law for filing an appeal, and that he acted with diligence upon learning of them. (*Castro v. Superior Court,* 40 Cal.App.3d 614 [115 Cal.Rptr. 312].) It is defendant's contention that equal protection requires that defendants convicted in municipal courts be given similar notice of their appellate rights and similar relief if they are not.

It has been said many times, but it bears repeating, that all legislation involves drawing classifications. Legislative classifications do not infringe the constitutional guarantee of equal protection if they accord like treatment to those similarly situated. (*Developments—Equal Protection* (1969) 82 Harv.L.Rev. 1065, 1076.) When a particular classification is challenged on equal protection grounds, the court, in the ordinary case, will uphold the legislation if it is designed to further an appropriate governmental interest and if the classification which is drawn bears a rational relation thereto. (*Police Department of Chicago v. Mosley,* 408 U.S. 92, 95 [33 L.Ed.2d 212, 216, 92 S.Ct. 2286].) When the legislation involves an interest which the law regards as "fundamental" or a classification which the law regards as "suspect" a closer scrutiny will be employed; the state will have to show that it has a compelling interest which justifies the law and that the suspect classification is necessary to further that purpose. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 597 [96 Cal.Rptr. 601, 487 P.2d 1241]; *Developments—Equal Protection, supra,* 82 Harv.L.Rev. 1065, 1087 et seq.)

 Having reiterated the general principles applicable in deciding questions of equal protection, we turn now to a consideration of the specifics of the present case. We deal here not with a legislative enactment, but with the California Rules of Court, adopted by the Judicial Council and the Supreme Court. It is obvious that the rules as a whole further an appropriate governmental purpose, namely the efficient

operation of our judicial system. The basic classifications which the Rules of Court draw are between the various levels of the court system. Such classifications are not only reasonable in light of the overall purpose of the rules, but are necessary to the achievement of that purpose. Therefore the mere fact that criminal defendants in municipal courts are treated differently than criminal defendants in superior courts does not constitute a denial of equal protection. Different procedures may be adopted for municipal courts so long as fundamental constitutional rights are not sacrificed in the process. (*Mills* v. *Municipal Court,* 10 Cal.3d 288, 292 [110 Cal.Rptr. 329, 515 P.2d 273]; *In re Johnson,* 62 Cal.2d 325, 336 [42 Cal.Rptr. 228, 398 P.2d 420].)

The particular rule here under examination also was fashioned to serve a valid governmental purpose, although the reason behind the rule is not what defendant supposes. Defendant assumes that the purpose of the rule is to confer a benefit on criminal defendants by assuring that they are fully aware of their appellate rights. In fact, rule 250 was adopted in conjunction with an amendment to rule 31(a) which sharply curtailed the appellate courts' powers to grant relief from late appeals. The purpose behind these changes was to alleviate what had become a serious burden on the appellate courts, namely processing belated notices of appeal and accommodating the resulting delays which they caused. The role of rule 250 in this remedial scheme was to rebut future claims of ignorance by defendants, thus eliminating a major former basis for relief. (*In re Benoit,* 10 Cal.3d 72, 84-85, fn. 12 [109 Cal.Rptr. 785, 514 P.2d 97], quoting the 1972 Annual Rep. of the Admin. Office of the Cal. Courts; *Castro* v. *Superior Court,* 40 Cal.App.3d 614, 618 [115 Cal.Rptr. 312].) Any benefit conferred on defendants by rule 250 is merely incidental to that conferred on the courts. The judicial council was not bound to extend the rule to all cases which it might possibly have reached, but was free to recognize that the primary problem existed with respect to appeals from the superior court and to confine the rule to that class of cases. (*In re Ricky H.,* 2 Cal.3d 513, 521-522 [86 Cal.Rptr. 76, 468 P.2d 204].) The classification which the rule draws is eminently reasonable in light of the purpose it was designed to serve.

In fact, extending rule 250 to municipal courts would neither guarantee that municipal court defendants would learn of their appellate rights, nor would it be likely to curtail significantly future claims of ignorance, since defendants need not appear personally in municipal court, but may do so through counsel. (*Mills* v. *Municipal Court, supra,* 10 Cal.3d 288.) The primary effect of requiring a courtroom recitation of

appellate rights to counsel would be to waste the precious time of a busy court.

The distinction which rule 250 creates between defendants convicted in superior court and those convicted in municipal court does not sacrifice any fundamental constitutional rights as to the latter. ■ A state is not obliged to establish a system of appellate review. In that sense, the right to appeal is not a "fundamental interest." Where the right to appeal is established, however, the state must provide for equal access to the courts, free of unreasoned distinctions. (*Rinaldi* v. *Yeager*, 384 U.S. 305, 310 [16 L.Ed.2d 577, 581, 86 S.Ct. 1497]; *Griffin* v. *Illinois*, 351 U.S. 12, 18 [100 L.Ed. 891, 898, 76 S.Ct. 585, 55 A.L.R.2d 1055].) An unreasoned distinction is one which denies equal access to appellate review·on the basis of a traditionally suspect classification such as race or creed, or which denies such access on the basis of indigency. (*Mayer* v. *City of Chicago*, 404 U.S. 189 [30 L.Ed.2d 372, 92 S.Ct. 410]; *Douglas* v. *California*, 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]; *Griffin* v. *Illinois*, *supra*, 351 U.S. 12.)

■ No such suspect classification is involved with respect to rule 250. It draws no distinctions on the basis of race or creed or sex or age; and it applies to rich ·and poor alike. Nor is this the type of situation to which Mr. Justice Frankfurter, quoting Anatole France, adverted where " '[t]he law, in its majestic equality, forbids the rich as well as the poor to sleep under bridges, to beg in the streets, and to steal bread.' . . ." (*Griffin* v. *Illinois*, *supra*, 351 U.S. 12, 23 [100 L.Ed. 891, 901], Frankfurter, J. concurring.) Since indigent defendants prosecuted in municipal courts are entitled to appointed counsel at state expense, they are just as able and just as likely as their affluent brothers to learn of their appellate rights. To the extent that a defendant is deprived of the opportunity to appeal because of the dereliction or the incompetence of his counsel, the appellate courts retain the inherent power to protect constitutional rights. (*People* v. *Serrano*, 33 Cal.App.3d 331 [109 Cal.Rptr. 30].) Rule 250 is not necessary to effectuate that power.

Defendant relies heavily upon *In re Arthur N.*, 36 Cal.App.3d 935 [112 Cal.Rptr. 89], wherein the court held that application of rule 250 to criminal defendants but not to minors prosecuted through the juvenile courts denied equal protection to minors and required the processing of Arthur N.'s belated notice of appeal. *In re Arthur N.* is distinguishable from the instant case because juveniles are prosecuted in the superior court system. Arthur N.'s equal protection argument was thus grounded

on the fact that a distinction was being drawn within the superior court system on the basis of age—a classification at least semi-suspect since *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].

We hold that defendant herein has failed to establish a right to relief merely because the trial court did not advise him of his rights to appeal. ▇ Furthermore, his request for relief from default fails to establish a right to relief on a constructive filing theory (*In re Benoit, supra,* 10 Cal.3d 72) or on the theory that defendant's failure to file a timely notice of appeal was the result of a denial of his right to counsel or of another constitutional right. (*Castro* v. *Superior Court, supra,* 40 Cal.App.3d 614; *People* v. *Serrano, supra,* 33 Cal.App.3d 331.) Defendant asserted in his request for relief that at the conclusion of his case he was advised by his attorney, a deputy public defender, that he could appeal, but that he did not "recall" being told of a time limit. He did not allege that he was ignorant of the appropriate time for filing an appeal. These allegations are even weaker than those which we held inadequate to justify relief in *Castro* v. *Superior Court, supra,* 40 Cal.App.3d 614, where the defendant was entitled to the incidental benefit of rule 250.

The allegations in defendant's application for relief from default being inadequate, the application is hereby denied.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied March 1, 1978, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1978.