Filed 11/12/14  P. v. Leal CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARMEN R. LEAL,<br><br>    Defendant and Appellant. | D064969<br><br><br><br>(Super. Ct. No. SF124498) |

APPEAL from an order of the Superior Court of San Diego County, Francis M. Devaney, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Paige B. Hazard, Deputy Attorney General, for Plaintiff and Respondent.

Appellant Carmen R. Leal, a citizen of Mexico, in 1998 pleaded guilty to possession for sale of a controlled substance (Health & Saf. Code, § 11378) and cruelty

to a child (Pen. Code,[1] § 273a, subd. (b)).  Before sentencing Leal was arrested by immigration authorities.  In response, she filed a motion to withdraw her plea (the 1998 motion) on the ground that she allegedly was not advised of the immigration consequences of her plea.  The court denied that motion and in late 1998, Leal was deported to Mexico.

Fifteen years later, after apparently reentering the United States illegally, Leal was arrested for driving under the influence.  Again facing possible deportation to Mexico, Leal filed another motion to withdraw her plea (the 2013 motion), raising the *same* immigration advisement issue that she had unsuccessfully litigated in her 1998 motion. The court denied the 2013 motion, concluding the issue was barred by collateral estoppel and Leal's lack of due diligence.

Leal appeals from the denial of the 2013 motion, contending the court erred in denying both her 1998 and 2013 motions to withdraw her plea.  We disagree and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 1998, Leal was on felony probation for receiving stolen property (§ 496, subd. (a)).  As a condition of probation Leal waived her Fourth Amendment rights.  During a subsequent search of the home she shared with four of her children, police found 20.09 grams of methamphetamine, two glass pipes, and a blank check.

---

[1]    Unless otherwise specified, all subsequent statutory references are to the Penal Code.

Leal was charged with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), possession of drug paraphernalia (Health & Saf. Code, § 11364), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), possession for sale of a controlled substance (Health & Saf. Code, § 11378), and four counts of committing cruelty to a child by inflicting injury (§ 273a, subd. (b)). As noted, Leal pleaded guilty[2] to possession of a controlled substance for sale and one count of committing cruelty to a child in exchange for the People's dismissal of the remaining six counts and a two-year maximum prison sentence. Before the court accepted her plea, however, it did orally not advise her that because she was citizen of Mexico, entering a plea of guilty or no contest could result in her deportation from the United States.

Prior to sentencing, immigration authorities arrested Leal for an Immigration and Naturalization Service warrant. Leal retained a new attorney and filed, under section 1018, the 1998 motion to withdraw her plea. Leal asserted that she "was not fully advised of the effect a conviction would have on her standing in the United States."

At the hearing on the 1998 motion, the court noted that Leal "initialed the plea form in the box which . . . says I understand that if I am not a citizen of the United States, a plea of guilty or no contest could result in deportation, exclusion from admission to this country and/or denial of naturalization." Leal then testified she asked her attorney for clarification on that part of the plea form because she "didn't know . . . what [she] was

---

[2]     Leal entered her no contest plea pursuant to *People v. West* (1970) 3 Cal.3d 595.

signing," but Leal neither explained the substance of the clarification she received nor did she submit a declaration from her attorney.

Leal further testified at the 1998 hearing that she would not have pleaded guilty if she knew "the charge of the possession for sale was going to lead to deportation." The court denied the 1998 motion, placed Leal on three-years probation, and ordered her to serve 180 days in custody. Leal did *not* file a notice of appeal.

Leal was deported to Mexico in November 1998, but sometime later reentered the United States illegally. In 2013, she was arrested for drunk driving in Los Angeles and placed in the custody of the Department of Homeland Security. Consequently Leal faced deportation to Mexico for a second time. Leal filed the 2013 motion, seeking to withdraw her then 15-year-old guilty plea on the same ground as raised in the 1998 motion. However, instead of relying on section 1018 as she had done in 1998, Leal's 2013 motion was based on section 1016.5.

After a hearing the court denied the 2013 motion, ruling as follows: "I agree there is a problem . . . whether she was advised properly under [section] 1016.5. I'll give you that much, but that is not what I'm basing my ruling on. The basis is collateral estoppel and due diligence."

Defense counsel argued collateral estoppel did not bar the 2013 motion because it was brought under section 1016.5, which involved a different burden of proof than section 1018. The court rejected this argument and concluded the issue litigated in both the 2013 and 1998 motions was ultimately the same: "I understand that you have pointed out the distinction between a 1016.5 motion and the 1018 motion. But although you

4

previously called it a 1018 motion, everything about it was a 1016.5 motion. Everything discussed, everything . . . . In essence, it was a 1016.5 [motion] as is this."

The court alternatively found that even if the 2013 motion was not barred by collateral estoppel, "it's surely barred by lack of diligence," noting that "the burden of proof is on the defendant herself to provide evidence why she wasn't diligent since being deported back in 1998. And she has not met that burden either." The court pointed out that Leal should have brought a motion when she was deported in 1998: "But your client actually was [deported]. And at that point she has got to do something . . . . She gets back in here and lives another 14 years in our country and only when she got arrested last month or a couple months ago to all of a sudden say, wait a second. That's not how the wheels of justice turn."

Leal appealed the court's denial of her 2013 motion. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. We offered Leal the opportunity to file her own supplemental brief and directed the parties to file briefing on the issues raised therein.

DISCUSSION

I

*THE 1998 MOTION*

Leal contends the court erred when it denied the 1998 motion to withdraw her plea because it did not advise her of the immigration consequences before accepting her plea. She also contends her counsel in 1998 was ineffective for inadequately advising her of

5

the immigration consequences.  We need not address the merits of either contention because there is no appealable order.

Leal did not appeal from the court's order denying her 1998 motion and concedes that the order is no longer appealable.  (See Cal. Rules of Ct., rule 8.308(a) [notice of appeal must be filed within 60 days after the judgment is entered]; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 ["In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment."].)  She still argues, however, that the court erred when it denied the 1998 motion.  We will address the merits of her claim that she was not given the immigration advisement in our discussion of her 2013 motion.

To the extent that Leal claims her counsel in 1998 was ineffective for allegedly failing to advise her of the immigration consequences, we reiterate that there is no appealable order.  The proper procedure for Leal to obtain relief for a claim of ineffective assistance of counsel, absent a timely notice of appeal, would have been to file a writ of habeas corpus while she was still in actual or constructive state custody.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1099.)  In any event, the record is vacant as to this claim because Leal did not provide a declaration from her counsel.  (See *People v. Kipp* (1998) 18 Cal.4th 349, 367.)

## II

### *THE 2013 MOTION*

Leal next contends that the court erred in denying her 2013 motion to withdraw her plea. She argues the motion was not barred by collateral estoppel and that she exercised due diligence in bringing the motion. We disagree.

### A. Collateral Estoppel

"In general, collateral estoppel precludes a party from relitigating issues litigated and decided in a prior proceeding. [Citations]. 'Traditionally, we have applied the doctrine only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' [Citation.] Even if these threshold requirements are satisfied, the doctrine will not be applied if such application would not serve its underlying fundamental principles." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 848-849.)

The trial court did not consider the merits of the 2013 motion, which was filed under section 1016.5, because it found Leal unsuccessfully litigated the same issue 15 years earlier in her 1998 motion. Relying on *People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1463, Leal argues that collateral estoppel does not apply to her because two

7

different burdens of proof apply to her 1998 and 2013 motions.[3]  We reject this argument for the same reasons discussed by the trial court.

Indeed, irrespective of the differences between a section 1016.5 motion and 1018 motion, in our view the principal issue of both motions was whether Leal was advised of the immigration consequences of her plea.  This factual matter was fully litigated and decided adversely to Leal 15 years ago when the court denied her 1998 motion to withdraw her plea.

The order denying her 1998 motion on the merits was final and Leal did not file a notice of appeal.[4]  Instead, after being deported Leal reentered the country illegally, likely believing she could remain here indefinitely notwithstanding her 1998 convictions. It was only after she was arrested in 2013 and faced deportation again did she file a 1016.5 motion raising the same immigration advisement issue she had unsuccessfully litigated in 1998.  We think these are the precise circumstances in which the doctrine of

---

[3]  Section 1018 requires the defendant show good cause to withdraw his or her plea, while section 1016.5, subdivision (b) requires the court to vacate the judgment and allow the defendant to withdraw his or her plea if the defendant shows he or she was not properly advised of the immigration consequences as provided by the statute.

[4]  Leal attempts to explain her failure to appeal the 1998 order denying her motion by claiming she was not advised of the right to appeal.  We note, however, that the court was not required to advise her of the right to appeal because she pleaded guilty.  (See *People v. Serrano* (1973) 33 Cal.App.3d 331, 338.)

collateral estoppel is meant to apply. Thus, the court did not have jurisdiction to consider the 2013 motion on the merits and properly denied it on collateral estoppel grounds.[5]

## B. Due Diligence

Even if collateral estoppel did not bar the court from considering the merits of the 2013 motion, the court properly denied it based on Leal's failure to exercise due diligence.

As we previously noted, Leal's 2013 motion to withdraw her plea was filed under section 1016.5. Under that section, a defendant can move the court to "vacate the judgment and permit the defendant to withdraw the plea" if the court did not advise him or her of the immigration consequences before accepting the plea. (§ 1016.5, subd.(b).) Unlike a motion to withdraw a plea under section 1018, which must be brought before the entry of judgment, a 1016.5 motion may be brought after judgment has been entered. (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1145.)

A 1016.5 motion also may be brought after the strict time limits for a direct appeal have expired. This is to protect an alien defendant "[when] he may not have been aware of the possibility of immigration consequences at or before sentencing and, therefore, had no reason to question the adequacy of the trial court's advisements on appeal from the judgment." (*People v. Totari* (2002) 28 Cal.4th 876, 883 (*Totari*); *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 203-204 (*Zamudio*).)

---

5    This conclusion makes it unnecessary for us to address the People's alternate argument that the court lacked jurisdiction to hear the 2013 motion because it "was in truth a motion to reconsider denial of the 1998" motion.

9

A defendant's motion under section 1016.5, however, still must be " 'seasonably made.' " (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618 (*Castaneda*). "Thus, the trial court may properly consider the defendant's delay in making his application, and if 'considerable time' has elapsed between the guilty plea and the motion to withdraw the plea, the burden is on the defendant to explain and justify the delay. [Citation.] The reason for requiring due diligence is obvious. Substantial prejudice to the People may result if the case must proceed to trial after a long delay." (*Ibid.*)

Moreover "a motion to vacate the judgment is recognized as equivalent to a petition for the common law remedy of a writ of error *coram nobis*." (*Castaneda*, *supra*, 37 Cal.App.4th at p. 1618.) "A writ of error *coram nobis* may be granted when three requirements are met: (1) the petitioner has shown that some fact existed which, without fault of his own, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of judgment; (2) the petitioner has shown that the newly discovered evidence does not go to the merits of the issues tried; and (3) the petitioner has shown that the facts upon which he relies were not known to him and *could not in the exercise of due diligence* have been discovered by him at any time substantially earlier than the time of his motion for the writ." (*Id.* at pp. 1618-1619, italics added.)

Leal did not offer sufficient justification for her 15-year delay in filing the 2013 motion. Leal entered her plea in 1998. Immigration authorities arrested her shortly thereafter and she was deported that same year. Evidently, then, she was fully aware of the immigration consequences of her plea back in 1998.

10

It is instructive to compare the instant case with *Totari*, *supra*, 28 Cal.4th 876, the case upon which Leal relies in arguing her 2013 motion was timely.  There, the defendant filed a 1016.5 motion to withdraw his plea 13 years after judgment was entered on his convictions in 1985.  (*Id.* at p. 880.)  The defendant claimed he did not file the motion sooner because his convictions were expunged in 1987, which led him to believe that he was protected from deportation until he was actually deported in 1998.  (*Ibid.*)  The trial court denied the 1016.5 motion on timeliness grounds and the defendant appealed.  (*Ibid.*)  The appellate court concluded there was no appealable order because of the 13-year delay.  (*Ibid.*)

Our Supreme Court disagreed with the appellate court and held that the defendant had a right to an appeal on the merits, even after the 13-year delay in filing the motion, because "[w]hether defendant knew of the potential immigration consequences, despite inadequate advisements at the time of the plea, may be a significant factor in determining prejudice or untimeliness."  (*Totari*, *supra*, 28 Cal.4th at pp. 884, 887.)  The court explained:  "[I]n deciding the merits of defendant's motion to vacate, it may be important for the trial court to determine the factual issue of knowledge."  (*Id.* at p. 884.)

The facts here are entirely different than those in *Totari*, *supra*, 28 Cal.4th 876.  The defendant there believed for several years after pleading guilty that there would be no immigration consequences because his record was expunged.  But here Leal did know there could be immigration consequences shortly after she pleaded guilty, despite the alleged inadequate advisement at the time of the plea, because she was *actually deported* in 1998.  (See *Zamudio*, *supra*, 23 Cal.4th at p. 204 [noting a section 1016.5 "motion is

11

timely if brought within a reasonable time after the conviction actually 'may have' [immigration] consequences"].)  Leal's awareness of the immigration consequences back in 1998 is fatal to her claim that the 2013 motion was timely.  Accordingly, for this separate and independent reason we conclude the trial court properly denied the 2013 motion.

C.  The 2013 Motion Would Have Failed on the Merits

Even if the court were to have considered the merits of Leal's 2013 motion to vacate her convictions and withdraw her plea, the motion would have failed on the merits.  Leal was not prejudiced by the court's failure to verbally advise her at the 1998 change of plea hearing that she could be deported.  The written advisement on the change of plea form shows Leal was advised of the immigration consequences before the court accepted her plea.

Section 1016.5 provides that prior to accepting a defendant's plea of guilty or no contest, the court must admonish the defendant as follows:

> "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

To succeed on a motion to vacate under section 1016.5 "a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement."  (*Totari, supra,* 28 Cal.4th at

12

p. 884.) The purpose of section 1016.5 is to ensure that the defendant has both actual knowledge of the possible adverse immigration consequences of a guilty or no contest plea and a chance to make an intelligent choice whether to plead guilty or no contest. (*Zamudio, supra,* 23 Cal.4th at pp. 193-194.) A trial court's denial of a motion to vacate under section 1016.5 is typically reviewed for abuse of discretion. (*Zamudio, supra,* at p. 192.)

We acknowledge that the court in 1998 did not verbally advise Leal of immigration consequences before it took her plea. However, the record shows Leal was advised because she signed the change of plea form that included a written advisement of the possible immigration consequences. (See *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522 [concluding a written advisement of immigration consequences on a change of plea form satisfies requirements of section 1016.5].) The record also shows that Leal asked her counsel to explain this consequence to her as she filled out the plea form. That said, Leal cannot demonstrate that she would not have entered the plea absent an additional and redundant verbal admonishment by the court at the change of plea hearing.[6]

---

[6] For this same reason, we also separately conclude defense counsel was not ineffective in connection with the 1998 motion. (See *People v. Bolin* (1998) 18 Cal.4th 297, 333 [noting to prevail on such a claim, the defendant "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice."])

13

DISPOSITION

We affirm the trial court's order denying Leal's 2013 motion to withdraw her plea.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

14