*Supp. 3 Opinion
ALARCON, J.
The defendant has applied to this court for relief from default for his failure to file a notice of appeal within 30 days of the entry of the judgment against him in these criminal proceedings. Judgment was entered on January 17, 1977. The last day for filing a notice of appeal was February 16, 1977.
The defendant’s motion is supported by the uncontradicted declarations of his trial counsel and the attorney who represented the defendant at his probation and sentence proceedings. These declarations set forth the following facts. The defendant was convicted of a violation of section 647, subdivision (a) of the Penal Code. Probation and sentence was scheduled for January 17,1977. Prior to January 17,1977, the defendant advised trial counsel that he wished to appeal. Trial counsel “promised and intended to undertake such an appeal.” On January 17, 1977, another attorney from the office of trial counsel appeared to represent the defendant at the probation and sentence proceedings. After the termination of these proceedings the defendant’s file was not returned to trial counsel because the attorney who represented the defendant at the probation and sentence proceedings was unaware that the defendant had requested that an appeal be filed. The failure to return the defendant’s file to trial counsel’s office and the press of other work caused him to neglect his promise to file a timely notice of appeal.
Rule 186(b) of the California Rules of Court, provides as follows: “The superior court may for good cause relieve a party from a default occasioned by any failure to comply with these rules, except failure to give timely notice of appeal.”
Despite the forbidding tenor of rule 186, there are certain circumstances which will excuse the failure to give timely notice of appeal. In cases such as the matter before this court, where the defendant has relied upon the unkept promise of his lawyer to file a timely notice of appeal, the courts of this state have granted relief on constitutional grounds. In People v. Tucker (1964) 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449] the Supreme Court held that where a defendant asks his attorney to appeal, and counsel fails to do so, “. . . a denial of the right to appeal would present serious constitutional problems,” (at p. 832) involving the right to counsel and the scope of duties owed by an attorney to his client.
*Supp. 4 In People v. Sanchez (1969) 1 Cal.3d 496 [82 Cal.Rptr. 634, 462 P.2d 386], the Supreme Court summarized the law concerning attorney dereliction as follows: “A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation omitted], or if the attorney made a timely promise to file a notice of appeal, thereby invoking reasonable reliance on the part of the defendant.” (People v. Sanchez, supra, at p. 500.)
In People v. Serrano (1973) 33 Cal.App.3d 331 [109 Cal.Rptr. 30] the Attorney General argued that the 1972 amendment to rule 31(a) which eliminated language that a defendant might “petition the reviewing court for relief,” deprived appellate courts of the jurisdiction to grant relief on lawyer-dereliction grounds. The Court of Appeal permitted late filing of the notice of appeal and held that: “Relief from lawyer dereliction, however, was grounded also on equal protection of the laws.” (People v. Serrano, supra, at p. 336.)
In the case of In re Hernandez (1974) 40 Cal.App.3d 893 [114 Cal.Rptr. 844] the Court of Appeal stated: “A petition grounded on lawyer dereliction ‘states a classic case for relief under the federal Constitution’ (People v. Serrano, 33 Cal.App.3d 331, 337 [109 Cal.Rptr. 30]) notwithstanding the absence of any provision for the granting of such relief either by statute or the Rules of Court.” (In re Hernandez, supra, at p. 895.)
We are persuaded that we must apply the same rationale articulated in Hernandez and grant relief upon proof of attorney-dereliction despite the absence of any language in rule 186 expressly authorizing relief from late filing of a notice of appeal.
In the case of ln re Benoit (1973) 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97], the Supreme Court had before it a petition from á felon, incarcerated in a state prison, who sought relief on the ground that he had relied on the promise of his attorney to file a notice of appeal on his behalf. The Supreme Court noted that “. . . the trial court properly advised petitioner of his appeal rights pursuant to rule 250, California Rules of Court.” (In re Benoit, supra, at p. 77.) The court extended the concept of constructive filing to an incarcerated prisoner who had been instructed of his appeal rights under rule 250 but who chose to rely on *Supp. 5 counsel to file a notice of appeal on his behalf. (In re Benoit, supra, pp. 86-87.) The court stated that in such circumstances “... an appellant may be lulled into a false sense of security in believing that an attorney —especially his trial attorney — will carry out his undertaken task.” (In re Benoit, supra, at p. 87.)
The declarations before this court do not state whether the appellant was in custody during the time that his notice of appeal should have been filed. If he was In re Benoit (1973) supra, and the Tucker, Serrano, and Hernandez cases would be applicable to the instant matter. A more difficult question is presented if we assume that the appellant was not in custody during the critical time. In our view, the result should be the same since in either case the lawyer’s dereliction has denied to his client effective representation by counsel and the equal protection of the law. We reach this conclusion, despite language in the case of In re Benoit, supra, which seems to indicate that decisions of the appellate courts decided subsequent to 1961 are no longer applicable. (In re Benoit, supra, at pp. 80-81.)[1]
We conclude that attorney-dereliction affords a basis for relief, even if an appellant is not incarcerated, for the following reasons:
*Supp. 6 1. In re Benoit was filed on September 24, 1973. In re Hernandez which, as we pointed out above, applied the attorney-dereliction rule in [an opinion] filed July 23, 1974, relied upon the post-1961 cases of Serrano and Tucker, which cases held that relief from lawyer-dereliction was grounded also on equal protection of the laws, guaranteed by the federal Constitution. Benoit should not be interpreted to strike down decisions based on federal constitutional authority.
2. In misdemeanor and infraction cases, the trial court is under no duty to advise a defendant of his appeal rights. The Judicial Council has not adopted a rule comparable to rule 250 for misdemeanor and infraction proceedings. A person convicted of such offenses is left with the choice of trying to find the applicable rules concerning timeliness of an appeal or relying on his attorney’s promise to take the necessaiy steps to perfect an appeal.
The Supreme Court in Benoit recognizes that even with the assistance of rule 250, a convicted felon may reasonably rely on his attorney to file a notice of appeal on his behalf, stating: “Although we believe that notification of appeal rights pursuant to rule 250 should bring home to the defendant the necessity of filing his notice of appeal in 60 days, nevertheless we observe that . . . the rule itself does not emphasize that this remains the responsibility of the defendant regardless of the assistance undertaken by prison officials or trial counsel. Furthermore, despite the objective of rule 250, we can well understand the inclination of a defendant... under sentence and facing the restraint of jail or prison, to rely on his trial counsel for assistance. And we can also understand how in such circumstances such an appellant may be lulled into a false sense of security in believing that an attorney — especially his trial attorney — will carry out his undertaken task.” (In re Benoit, supra, at pp. 86-87.)
If reliance on an attorney’s promise to file a notice of appeal is justifiable, even after a defendant has been informed by the court of the time limits and steps necessaiy to perfect an appeal, then a fortiori, such reliance by a convicted misdemeanant, not so informed, must be a valid ground for relief from late filing.
It is our view that under these facts and particularly where the trial court failed to notify appellant that his appeal must be filed within 30 days the appellant, who relied on his attorney’s promise to file a notice of appeal, must be granted relief from the attorney’s failure to do so.
*Supp. 7 Defendant’s motion for relief from default in late filing of his notice of appeal is granted. Defendant is granted an extension of 30 days to file his proposed statement on appeal.
Cole, P. J., and Wenke, J., concurred.

Prior to 1961 “. . . the requirement as to the time for filing a notice of appeal in a criminal action was mandatory and jurisdictional and . . . such time could be extended neither by stipulation of the parties nor order of the court.” (In re Benoit, supra, at p. 81.) This seemingly inflexible jurisdictional principle was mellowed by the Supreme Court in People v. Slobodion (1947) 30 Cal.2d 362 [181 P.2d 868], by the adoption of the concept of constructive filing.
In 1961, rule 31(a) was amended to permit relief from late filing of a notice of appeal and provided that the petitioner “may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late.”
Between 1961 and 1972, appellate decisions relating to the question of late filing of a notice of appeal arose from petitions filed pursuant to the procedure set forth in the 1961 amendment. (See for example People v. Tucker (1964) 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449] cited in the text as endorsing the lawyer-dereliction exception.)
In 1972, rule 31(a) was amended to eliminate the procedure for obtaining relief from the failure to file a timely appeal.
The Supreme Court in the case of In re Benoit, after noting that the petitioners therein agreed with the attorney general that the 1972 amendment “effectively restores the law to the state in which it had been prior to the amendment of rule 31(a) in 1961” (In re Benoit, supra, at p. 81) proceeded “. . . to briefly review and summarize the applicable law as it stood immediately prior to the 1961 amendment of rule 31(a).” (In re Benoit, at p- 81.)