[No. C062268. Third Dist. Nov. 30, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO ZARAZUA, Defendant and Appellant.

**COUNSEL**

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**[*]—We publish this order to put to rest a challenge to a procedure commonly used by defendants to perfect appeals from judgments in criminal cases.

After his trial attorney failed to file a timely notice of appeal, despite a request to do so, defendant Sergio Zarazua asked this court to deem his notice of appeal to be timely under the "constructive filing doctrine." (*In re Benoit* (1973) 10 Cal.3d 72, 85 [109 Cal.Rptr. 785, 514 P.2d 97] (hereafter *Benoit*).) The People now move for us to vacate and reconsider our order granting defendant's motion. They contend that a request for constructive filing of an appeal may be sought only by a petition for writ of habeas corpus filed first in the superior court. Alternatively, the People claim we should not have granted defendant's motion for constructive filing of his appeal without waiting until expiration of the 15-day period for the People to oppose the motion.

As we will explain, when a notice of appeal in a criminal case is received by the trial court after the jurisdictional deadline to perfect the appeal, the appellate court may deem the notice of appeal to have been constructively filed in a timely manner if, prior to the deadline, the defendant expressly relied on his or her trial counsel to file it, but trial counsel neglected to do so. Because the appellate court has the authority to determine its jurisdiction, it is the appellate court that rules on the applicability of the constructive filing doctrine to the circumstances of a particular case. The defendant may tender the issue to the appellate court by filing either a petition for writ of habeas corpus or a motion.

For years, the common way in which the issue has been raised in the Third Appellate District has been by motion. And for years, the People have not objected to this procedure. Indeed, for years, the People have not opposed such motions of constructive filing of appeals, even when they have lacked merit. In light of the People's apparent lack of interest in weighing in on the issue in any case, this court began ruling on such motions before the 15-day period for opposition has run. For example, in this case we waited 15 days after the motion was served on the People, but not 15 days after it was filed. Only now, after years of silence, have the People objected to the process used by this court. Although we reject the People's claim that the constructive filing doctrine can be raised solely by petition for writ of habeas corpus filed first in the trial court, we agree that, while the People have heretofore shown no interest in opposing motions for constructive filing of appeal, we nonetheless must wait to decide such a motion only after at least 15 days have passed since the filing of the motion.

---

[*]Scotland, P. J., Sims, J., and Cantil-Sakauye, J.

Having opposed the process in this case, the People mysteriously fail to make any meaningful effort to show that defendant's motion lacks merit. Since the People have demonstrated no prejudice from our premature ruling that defendant's appeal will be deemed timely under the constructive filing doctrine, we shall deny the People's "motion to vacate and reconsider" the order.

## PROCEDURAL HISTORY

A jury convicted defendant of second degree murder, shooting at an occupied vehicle, and two counts of attempted voluntary manslaughter, and found firearm and gang enhancements to be true. Sentenced to state prison, defendant timely appealed. Reversing the convictions for second degree murder and attempted voluntary manslaughter, this court remanded the matter for "retrial and resentencing." (*People v. Zarazua* (2008) 162 Cal.App.4th 1348, 1351, 1362–1363 [77 Cal.Rptr.3d 29].) On remand, the People declined to retry the murder and attempted voluntary manslaughter convictions.

On January 30, 2009, defendant was sentenced to an aggregate term of 40 years to life for the shooting at an occupied vehicle conviction and enhancements. The trial court informed defendant that he had the right to file a notice of appeal within 60 days.

Five months later, on June 29, 2009, defendant filed a pro se motion in this court, captioned, "Request for Permission to File a Written Notice of Appeal Under the Constructive Filing Doctrine (*In re Benoit* (1973) 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97])." Attached to the motion was defendant's declaration stating in pertinent part: "1. I wish to appeal the judgment and sentence imposed on 1-30-2009 . . . . [¶] 2. I did not file a written notice of appeal on time" because on January 30, 2009, "my appointed attorney . . . showed me a motion and inform[ed] me it was to file for my appeal. I proceeded to willingly sign it for it to be file[d] on my behalf by [my attorney] . . . . After I was sentence[d,] I lost all contact with my counsel but, I rested assure[d] based on his promise that he filed my notice of appeal (NOA). While in the custody of the California Department of Corrections I waited for the Central California Appellate Program (CCAP) to send me forms to fill out to apply for an attorney. . . . When that didn't happen, I wrote to the Sacramento County Superior Court inquiring if my (NOA) had been file[d] to their offices or not. I also asked my family to contact [my trial attorney] to ask him if he had filed my (NOA). When they were able to contact him, [he] at first assured them that he did file my (NOA) but later

admitted that he didn't file it. After that he did file a motion for appeal on my behalf . . . but [the Superior Court] marked [it] 'received but not filed' as the period for filling [*sic*] had lapsed. [¶] On June 3, 2009, [CCAP] informed me . . . that my appeal had been deemed inoperative because it was filed too late. Enclosed in [CCAP's] letter was this motion, and instructions on how to fill out a notice of appeal."

Defendant's motion for constructive filing on his appeal was served on the Sacramento office of the Attorney General on June 24, 2009.

On July 9, 2009, we granted defendant's motion for constructive filing of his appeal, and directed the superior court clerk to file the notice of appeal and to prepare the record on appeal.

On July 14, 2009, the People moved to vacate our July 9 order. We appointed counsel to represent defendant and have received an opposition to the People's motion.

## DISCUSSION

### I

We begin by addressing the People's claim that "[a] defendant complaining about trial counsel's failure to file a timely notice of appeal should do so in a petition for writ of habeas corpus rather than in a motion." In their motion, the People cite no authority for this assertion other than the observations that the timely filing of a notice of appeal vests jurisdiction in the appellate court, and that relief under the constructive filing doctrine has been granted via habeas corpus.

 The principle of constructive filing of a notice of appeal has a lengthy history in this state. As explained by the Supreme Court in *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106 [92 Cal.Rptr.3d 595, 205 P.3d 1047]: "We long have recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' [Citation.] '[T]here are many cases in which this policy, implemented in accordance with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.' [Citation.] Although adhering to the established rule that the time for filing a

notice of appeal is jurisdictional, these decisions seek to alleviate the harshness of the rule's application in certain compelling circumstances by holding that an appellant's efforts should be deemed to be a *constructive* filing of the notice within the prescribed time limits. ([*Benoit, supra,*] 10 Cal.3d [at pp.] 83–84 . . . ; see also *Hollister* [*Convalescent Hosp., Inc. v. Rico* (1975)] 15 Cal.3d [660,] 669–670 [125 Cal.Rptr. 757, 542 P.2d 1349] [noting that our constructive-filing decisions reflect application of 'principles of construction and interpretation in a manner consistent with the policy . . . of granting the right of appeal in doubtful cases' while 'steadfastly adher[ing] to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction'].) The classic example of the application of this policy is the determination that a notice of appeal was timely filed under the prison-delivery rule." (*Silverbrand v. County of Los Angeles, supra,* 46 Cal.4th at pp. 113–114.)

The Supreme Court has extended the constructive filing doctrine from prison-delivery cases to instances in which an incarcerated defendant makes arrangements with trial counsel to file a notice of appeal and "has relied upon the assurance of his trial counsel that the notice of appeal will be timely filed," but trial counsel neglects to fulfill the promise to file a timely notice of appeal. (*Benoit, supra,* 10 Cal.3d at p. 86.) However, *Benoit* cautions that constructive filing is limited to those cases in which the defendant also shows some diligence in seeking to perfect the appeal. (*Id.* at pp. 88–89.)

Most recently, the Supreme Court extended the constructive filing principles of the prison-delivery rule to self-represented, incarcerated inmates filing civil notices of appeal. (*Silverbrand v. County of Los Angeles, supra,* 46 Cal.4th at p. 110 (hereafter *Silverbrand*).) There, an incarcerated state prison inmate attempted to appeal a judgment against him in a civil lawsuit by placing his notice of appeal in prison mail on the day before the expiration of his 60-day period to appeal. The notice of appeal was not received by the superior court clerk until two days after the expiration of the appeal period. (*Id.* at p. 111.) Although the Court of Appeal dismissed the appeal as untimely, the Supreme Court reversed, holding that "a notice of appeal by an incarcerated self-represented litigant in a civil case should be deemed filed as of the date the prisoner properly submitted the notice to prison authorities for forwarding to the clerk of the superior court." (*Id.* at p. 110.)

In the course of its analysis, *Silverbrand* noted the filing of a timely notice of appeal is a jurisdictional prerequisite, but also recognized that an

appellate court has jurisdiction if a notice of appeal is " 'actually *or constructively* filed within the appropriate filing period.' " (*Silverbrand, supra,* 46 Cal.4th at p. 113, italics added.) In *Silverbrand,* the notice of appeal was constructively filed on the day it was delivered to prison authorities, which made it timely. Thus, the appellate court had jurisdiction over the appeal. *Silverbrand* reached the question whether the notice of appeal was constructively filed, despite the fact that it was not raised in a habeas corpus petition or other extraordinary writ petition to invoke the appellate court's jurisdiction.

■ Given an appellate court's inherent authority to determine, on its own motion, whether it has jurisdiction in a case, it must have inherent jurisdiction to determine whether an appeal has been timely filed or constructively filed. "A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance." (*Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464 [171 P.2d 8]; see also *People v. Williams* (2005) 35 Cal.4th 817, 824 [28 Cal.Rptr.3d 29, 110 P.3d 1239]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267 [279 Cal.Rptr. 576, 807 P.2d 418] ["Nor can it be questioned that courts have inherent authority to . . . inquire into their own jurisdiction."]; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 302–303 [109 P.2d 942] ["a court has inherent power to inquire into jurisdiction of its own motion"]; 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 339, p. 963.)

■ There is no legitimate reason to limit to a petition for writ of habeas corpus the vehicle by which a defendant may seek to have an appeal deemed timely under the constructive filing doctrine. Indeed, for over 30 years, this court and other appellate courts have used a motion procedure to resolve defendants' requests for constructive filing under *Benoit*; and, until now, we have done so without any objection by the People to the procedure. For example, in *People v. Serrano* (1973) 33 Cal.App.3d 331, 333–334, 338 [109 Cal.Rptr. 30], this court granted a defendant's application for constructive filing based on his showing that his attorney failed to fulfill a promise to file a notice of appeal.[1] (See also *People v. Leftwich* (1979) 97 Cal.App.3d Supp. 6, 9 [158 Cal.Rptr. 758] [appellate department granted motion based on attorney's unfulfilled promise to file notice of appeal]; *People v. Riley* (1977) 73 Cal.App.3d Supp. 1, 6–7 [141 Cal.Rptr. 16] [same].)

---

[1] Although an order to show cause was issued in that case, the court did so to determine whether its power to determine constructive filing was eliminated by amendments in 1972 to the California Rules of Court—amendments that deleted authority to grant relief from the failure to file a timely notice of appeal. (*People v. Serrano, supra,* 33 Cal.App.3d at p. 333.)

It is true a party may seek constructive filing of a notice of appeal by filing a habeas corpus petition, as in *Benoit, supra,* 10 Cal.3d at page 78. (See also *In re Gonsalves* (1957) 48 Cal.2d 638, 641 [311 P.2d 483] (hereafter *Gonsalves*); *In re Arthur N.* (1974) 36 Cal.App.3d 935, 937 [112 Cal.Rptr. 89] [habeas corpus is a proper remedy to resolve a claim of constructive filing].) But the fact the issue was raised by habeas corpus in *Benoit* and other cases is not authority for the People's assertion that the issue can be raised solely by habeas corpus. Indeed, the People's position in this case is inconsistent with their claim in *Gonsalves* that the constructive filing of an appeal could *not* be raised by habeas corpus. (*Gonsalves, supra,* 48 Cal.2d at p. 641.)

■ Although the People do not assert otherwise, we conclude that amendments in 1972 to former rule 31(a) of the California Rules of Court did not abrogate an appellate court's authority to resolve a claim of constructive filing by noticed motion. (Further rule references are to the California Rules of Court (hereafter Rules of Court).) The amendments deleted a provision from former rule 31(a) that allowed appellate courts to entertain motions for relief from late appeals. (*Benoit, supra,* 10 Cal.3d at pp. 84–85.) "There is, however, nothing in the Judicial Council's statement [regarding the amendment of former rule 31(a)] to indicate any intention upon its part to abrogate the constructive filing doctrine announced in [*People v.*] *Slobodion* [(1947) 30 Cal.2d 362 [181 P.2d 868]] or to attempt to limit the appellate and habeas corpus jurisdiction of the courts given recognition in *Slobodion* and *In re Gonsalves, supra,* 48 Cal.2d 638." (*Benoit, supra,* 10 Cal.3d at p. 85.) The remedy of seeking relief from late appeals provided by former rule 31(a) was distinct from the remedy of seeking constructive filing of a notice of appeal. (See *Benoit, supra,* 10 Cal.3d at pp. 78–85.) While the amendments in 1972 abrogated the remedy of seeking relief from a late appeal, they had nothing to do with the procedures for seeking constructive filing of a notice of appeal.

■ In sum, we conclude that an appellate court has jurisdiction to determine whether a notice of appeal has been constructively filed, and that jurisdiction may be invoked by a noticed motion in the appellate court.[2]

---

[2] On November 5, 2009, Division Six of the Court of Appeal, Second Appellate District decided *People v. Lyons* (2009) 178 Cal.App.4th 1355, correctly denying a motion for constructive filing of a notice of appeal because it was unverified and it did not make the required evidentiary showing for relief. The court also stated: "The proper vehicle for relief was a petition for a writ of habeas corpus. (See *In re Gonsalves*[*, supra,*] 48 Cal.2d 638, 639 . . . ." (*Id.* at p. 1362.) However, the cited case held habeas corpus is "an" appropriate proceeding to deem a notice of appeal timely, not "the" only vehicle for doing so under the constructive filing doctrine. (*Gonsalves, supra,* 48 Cal.2d at p. 639.) As we have explained, an appellate court has jurisdiction to determine its jurisdiction via a motion, verified and supported by a declaration or other evidence justifying the relief requested.

II

On June 24, 2009, defendant served the People with his motion for constructive filing. We granted the motion 15 days later, on July 9, 2009. The People make no showing that they were unable to file an opposition during said time period. Nevertheless, they contend, and we agree, that this court must wait 15 days from the *filing* of such a motion before acting on it. Before explaining why, we provide some background.

This court has resolved requests for constructive filing by noticed motion for over 30 years. Years ago, the People stopped filing oppositions to motions for constructive filing of notices of appeal in this appellate district. Since oppositions were not being filed, and because this court wished to expedite the processing of criminal appeals, we decided in September 2005 to stop waiting for the opposition time to run. Since then, we have granted numerous constructive filing motions that were supported by declarations establishing facts supporting constructive filing. We have also denied such motions that failed to support constructive filing. Despite the fact the Office of the Attorney General was served with each of those motions, the People did not object to our procedure for nearly four years. Thus, we long ago deemed the People's silence to be tacit acquiescence to our procedure. Their silence was broken in this case.

■ An opposition to a motion may be filed within 15 days of the filing of the motion. (Rule 8.54(a)(3).) "The court may rule on a motion at any time after an opposition or other response is filed or the time to oppose has expired." (Rule 8.54(b)(1).)

■ The Rules of Court draw a distinction between "applications," which do not expressly provide for an opposition time (rule 8.50), and "motions," which do (rule 8.54). The rules classify some requests as "applications," such as applications to extend time to file records, briefs, or other documents, and to shorten time. (Rule 8.50(a).) The rules classify other requests as "motions," such as motions to dismiss an appeal, to augment or correct the appellate record, to obtain calendar preference, and for judicial notice. (Rules 8.57, 8.155, 8.240, 8.252.)[3] And many types of requests are not expressly classified by the Rules of Court as either applications or motions. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2009) ¶ 5:236, p. 5-79 to 5-80 (rev. # 1, 2007).)

---

[3] These examples of applications and motions are not intended to be an exhaustive list.

The Rules of Court do not provide criteria for classifying an undefined request as an application or a motion. However, a request for constructive filing of a notice of appeal should be treated as a motion, rather than an application, for two reasons. First, the request is not a routine request; indeed, it implicates the court's appellate jurisdiction. Second, a request for constructive filing raises issues of fact that are potentially subject to dispute.

Thus, although we did not act on defendant's motion until 15 days after the People were served with the motion, the People correctly assert that we should have waited until 15 days after the motion was *filed*.

Nonetheless, the People have failed to demonstrate that they suffered any prejudice due to our failure to wait the full period for opposition. Defendant's declaration provides evidence that supports constructive filing of his notice of appeal. On the day of sentencing, his trial attorney promised to file a notice of appeal on defendant's behalf; indeed, his attorney had him sign a document that defendant understood would be filed to perfect his appeal. Defendant reasonably relied on his attorney's promise, and exercised diligence by asking the superior court about his notice of appeal, asking his family to contact his trial attorney, and then contacting CCAP for help.

The People contend that the motion for constructive filing should have been denied because it is based solely on defendant's "self-serving declaration" and was unsupported by a declaration from his trial attorney or family members. However, the People have not submitted any evidence to contradict defendant's declaration; nor have the People asked for additional time to obtain such evidence. Defendant's declaration alone is sufficient evidence that he is entitled to *Benoit* relief. (*Benoit, supra*, 10 Cal.3d 72.)

We end by observing that, since July 14, 2009, when the People asked us to vacate our order in this case deeming defendant's appeal to be timely under the constructive filing doctrine, the justices of this court have resumed our former practice of waiting 15 days after the filing of such motions before acting on them. Interestingly, the People have not filed an opposition to any of those motions that have been filed in the Third Appellate District since July 14, 2009. The People's failure to file opposition after insisting on the right to do so is perplexing, given that this court has denied a number of those motions (the People seemingly would have had an interest in opposing a motion that lacks merit). Thus, the People are forewarned that their future failure to file an opposition to a motion for constructive filing of an appeal may be deemed to be their consent to the granting of the motion. (Rule 8.54(c).)

## DISPOSITION

The People's "motion to vacate and reconsider [this court's] order granting [defendant's] request for permission to file [his] notice of appeal under the constructive filing doctrine" is denied.