Filed 9/7/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VEENA GARG, | |
| Plaintiff and Respondent, | G061500 |
| v. | (Super. Ct. No. 30-2020-01128565) |
| RAJIV GARG et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Motion to dismiss granted; appeal dismissed.

Ronald D. Steinbach for Plaintiff and Respondent Veena Garg.

David Zarmi and Stuart L. Wallach for Defendants and Appellants Rajiv Garg and Sadhana Garg.

\*          \*          \*

THE COURT:*

"'[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.'" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 [quoting *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister*), which reaffirmed the continuing vitality of *Estate of Hanley* (1943) 23 Cal.2d 120].)

Respondents move to dismiss this appeal as untimely. The notice of appeal was filed in the superior court more than 60 days after notice of entry of judgment was served upon appellants. (Cal. Rules of Court, rule 8.104(a)(1)(B).)[1] No motion was filed that would have extended the deadline. (See Rule 8.108.) Such facts typically doom a civil appeal. (See *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 696-697.)

Appellants oppose dismissal on the grounds that they made a *timely attempt* to *electronically file* the notice of appeal. With the advent of electronic filing, two rules of court were enacted that arguably shelter (some) tardy notices of appeal from the jurisdictional deadline. (Rules 2.259(c) ["If a technical problem with a court's electronic filing system prevents the court from accepting an electronic filing . . . the court must deem the document as filed on that day"], 8.77(d) [if "good cause" is shown based on "a failure at any point in the electronic transmission and receipt of a document, . . . the court may enter an order permitting the document to be filed nunc pro tunc"].)

A series of questions not yet answered in the case law present themselves: (1) does either (or both) rule apply to notices of appeal; (2) if so, which court (i.e., the trial court or the court of appeal) determines whether relief is provided to the appellant; (3) what burden of proof applies to factual determinations under the applicable rule or

---

* Before O'Leary, P. J., Bedsworth, J., and Motoike, J.

[1] All subsequent references to "Rule" or "Rules" in this opinion shall refer to the California Rules of Court.

2

rules; and (4) does the evidence in this case justify providing relief under the applicable rule or rules?

We conclude: (1) both rules potentially apply to a notice of appeal, but only rule 8.77(d) is invoked by appellants; (2) a motion under rule 8.77(d) must be filed in the appellate court; (3) a party seeking relief under rule 8.77(d) must demonstrate "good cause," which includes a preponderance of the evidence that an attempt to electronically file the document was made prior to the expiration of the deadline and that diligence was shown in promptly filing the notice of appeal after the failed attempt; and (4) appellants have not met that standard in this case.

## FACTS AND PROCEDURAL HISTORY

On April 4, 2022, judgment was entered following a bench trial. The case involves a family dispute over real property. The portion of the judgment most relevant to this appeal is an award of $665,000 in damages to respondent due to financial elder abuse.

On April 6, 2022, respondent electronically served notice of entry of judgment (accompanied by a file-stamped copy of the judgment) on trial counsel for appellants. Appellants concede that electronic service of the notice of entry of judgment was authorized (rule 8.104(a)(2)) and that the notice of appeal was therefore due sixty days later, i.e., June 6 (rule 8.104(a)(1)(B)).

On May 23, 2022, appellants electronically *served* a notice of appeal on respondent. However, a notice of appeal was not actually *filed* by a superior court clerk until June 21 — 15 days too late.

On June 29, 2022, appellants filed a motion in the trial court, requesting an order filing the notice of appeal on May 23 "nunc pro tunc" (which translates as "now for then"). The motion cites rule 8.77(d) as authorizing the relief sought. Trial counsel

3

Stuart L. Wallach and legal assistant Deborah Anne filed declarations in support of the motion. The declarations represent that Wallach instructed Anne to file and serve the notice of appeal on May 23. Anne "uploaded the Notice of Appeal with DDS Legal Service, [the firm's efiling agent] and went through the DDS Legal Service efiling process." Neither Wallach nor Anne works on appeals. Neither was aware of any "problem with the efiling." Neither knew "how long it would take to receive a conformed/file-stamped copy of the notice." On June 21, appellate counsel for appellants notified Wallach and Anne that the notice of appeal "still was not showing up [on the court docket]." Anne checked with DDS Legal Service, which had no record of the document being filed. At that time, Wallach and Anne immediately acted to file the notice of appeal.

The trial court motion is currently set for an October 21, 2022, hearing. Opposition has not yet been filed in the trial court.

On July 20, 2022, respondent filed a motion *in this court* to dismiss the appeal. Respondent argues that the trial court lacks jurisdiction to rule on the pending motion, this court lacks jurisdiction to extend the time to file a notice of appeal, and the motion filed in the trial court by appellants lacks merit because the facts demonstrate that appellants' counsel lacked reasonable diligence in their handling of the notice of appeal. The motion to dismiss does not actually cite or discuss rules 2.259(c) or 8.77(d).

On August 5, 2022, appellants filed opposition to the motion to dismiss. The opposition contends that the trial court has jurisdiction to hear the pending motion to deem the notice of appeal to be timely and this court should withhold action until the trial court rules.

The opposition characterizes the situation as murky. "[F]or technical reasons that trial counsel has been unable to ascertain, the superior court did not receive the notice of appeal" on May 23.

4

Appellate counsel David Zarmi filed a declaration alongside the opposition: (1) he was retained on May 20, 2022; (2) trial counsel was obligated to make all necessary filings in the superior court; (3) Zarmi sent a draft notice of appeal to trial counsel on May 22; (4) Zarmi inquired by email about the notice of appeal on May 23; (5) legal assistant Deborah Anne emailed Zarmi on May 24, stating that the notice of appeal had been filed and served; (6) subsequently, multiple emails were exchanged between Zarmi and trial counsel regarding designation of the record; (7) Zarmi periodically checked the superior court and appellate court online dockets; (8) in the view of Zarmi, the lack of a notice of appeal on the superior court docket "was unremarkable as in [his] experience it can take up to three weeks for filings to appear in superior court online dockets"; (9) Zarmi grew concerned on June 20 that the notice of appeal still had not appeared, and he therefore contacted trial counsel; and (10) the notice of appeal was filed June 21, and trial counsel obtained a conformed copy on June 24. Zarmi's declaration further represents conformed copies of the trial court motion and designation of the record were not immediately received by trial counsel, but had delays of seven and four days, respectively.

ANALYSIS

Respondent's motion to dismiss contends this court's purported "lack of jurisdiction" to consider an untimely appeal is the beginning and end of the analysis.

There are innumerable cases following the mandatory and jurisdictional rule established long ago by our Supreme Court. (E.g., *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1488 [no extension of time to file notice of appeal "even for mistake, estoppel, or other equitable reasons" because the "time for appeal is absolutely jurisdictional"].) Some Rules of Court also emphasize the lack of wiggle room. "[N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the

reviewing court must dismiss the appeal." (Rule 8.104(b).) "For good cause, a reviewing court may relieve a party from default . . . except the failure to file a timely notice of appeal . . . ." (Rule 8.60(d).)

And yet, the rule is not as "absolute" as appearances might suggest. The black letter law quoted to begin this opinion admits of certain "legal equivalent[s]" to a timely notice of appeal. (*Hollister*, *supra*, 15 Cal.3d at p. 670.) There are at least four situations in which the commonly understood method of meeting the deadlines set in rules 8.104 (civil), 8.308 (criminal), or 8.406 (dependency) is not a jurisdictional prerequisite to entertaining the appeal on the merits.[2]

*Areas of Refuge from the Harsh Rule*

First, in times of public emergency, the Chair of the Judicial Council can toll or extend the deadline to file notices of appeal. (Rules 8.66, 8.104(b); *Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289 [applying the special orders issued by the Judicial Council and individual courts in response to the COVID-19 crisis to determine whether a notice of appeal was timely].)

Second, when caused by a superior court clerk wrongly rejecting a timely-submitted notice of appeal, the absence of a timely file stamp does not deprive an appellate court of jurisdiction. (*Pangilinan v. Palisoc* (2014) 227 Cal.App.4th 765, 769-770 [in course of decision on appeal, deeming appeal timely based on timely submission of notice of appeal to clerk]; *Lezama-Carino v. Miller* (2007) 149 Cal.App.4th 55, 57-59;

---

[2] It has sometimes been suggested that "the time limit on filing a notice of appeal is only as jurisdictional as we want it to be. No constitutional provision, statute, or rule declares the limit to be jurisdictional." (*Hollister*, *supra*, 15 Cal.3d 660, 677 [dis. opn. of Tobriner, J.]; see also *Bowles v. Russell* (2008) 551 U.S. 205, 215-223 [dis. opn. of Souter, J. [criticizing 5-4 majority's use of supposed "jurisdictional" rule to unfairly disallow an untimely appeal].) This court, of course, is bound by the majority opinion in *Hollister* and similar cases. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

*Rapp v. Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1169-1173.) Documents are deemed filed upon receipt and clerks must file notices of appeal even if they are unaccompanied by required filing fees. (Rules 8.25(b)(1), 8.100(b)(3).)

Third, an institutionalized and self-represented litigant's notice of appeal is deemed to be filed on the date it is put in the "prison mailbox" or otherwise handed off for processing to officials of the institution, regardless of whether it arrives at the superior court in time to be filed by the deadline. (See, e.g., *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110-111 [holding that this rule, first established for criminal appeals in 1947, applies to civil litigants]; rule 8.25(b)(5).)

Fourth, in criminal law appeals and juvenile dependency appeals, ineffective assistance of counsel in failing to file a timely notice of appeal can provide grounds for allowing the appeal to proceed if the party shows diligence in addressing the issue. (*In re A.R.* (2021) 11 Cal.5th 234, 243; *In re Benoit* (1973) 10 Cal.3d 72, 82-87.)

Is there a fifth "exception?"[3] Like several of the other "exceptions," rules 2.259(c) and 8.77(d) would operate by classifying something short of obtaining an actual timely file stamp on the notice of appeal, by the deadline for doing so, as "good enough."

---

[3] Technically, these are not exceptions to the general rule, but rather legal equivalents of a timely notice of appeal. (See, e.g., *Silverbrand v. County of Los Angeles*, *supra*, 46 Cal.4th at p. 120 [rejecting the characterization of the prison mailbox rule as an exception; the rule "simply provides that the time of the filing constructively occurs, as a matter of law, when the self-represented prisoner properly delivers the notice to the prison authorities for forwarding to the superior court clerk"].) Resistance to the notion that there are "exceptions" is perhaps attributed to an understanding that "exceptions" would undermine the concept of a mandatory, jurisdictional, and absolute rule.

*Does Rule 2.259(c) Apply to Appellants' Notice of Appeal?*

Notices of appeal from superior court judgments must be filed in superior court. (Rule 8.100(a)(1).)

Hence, it is certainly plausible that the "Trial Court Rules" (Rule 2.1) should apply to the filing of a notice of appeal. (Rule 2.2 ["Trial Court Rules apply to all cases in the superior courts unless otherwise specified by a rule or statute"].)

Rule 2.259(c) states: "If a technical problem with a court's electronic filing system prevents the court from accepting an electronic filing on a particular court day, and the electronic filer demonstrates that he or she attempted to electronically file the document on that day, the court must deem the document as filed on that day. This subdivision does not apply to the filing of a complaint or any other initial pleading in an action or proceeding."

Arguably, rule 2.259(c) is merely a specific application — or slight extension — of the general rule that documents are deemed filed upon receipt. (Rule 1.20 ["Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk"].) Construed in this manner, rule 2.259(c) expands the definition of receipt to include situations in which technical problems with the court's electronic filing system prevents the clerks from accepting the document for filing.

A "'document'" is defined by the Trial Court Rules to include a "notice." (Rule 2.250(b)(1).) An "'electronic filer'" is anyone "filing a document in electronic form . . . ." (Rule 2.250(b)(6).) Rule 2.259(c) excludes an "initial pleading in an action or proceeding." But a notice of appeal is not a pleading and an appeal is not a new action or proceeding. Rather, a perfected appeal divests jurisdiction from the trial court over portions of the action related to the judgment or order on appeal, and vests jurisdiction in the appellate court to review the judgment or order at issue. (See *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864; Code Civ. Proc., §§ 906, 916.)

In sum, nothing suggests that notices of appeal should be excluded from rule 2.259(c).  Trial court clerks and judicial officers should strive to apply rule 2.259(c) in appropriate circumstances. (Cf. Rule 2.254(b) ["If the court is aware of a problem that impedes or precludes electronic filing, it must promptly take reasonable steps to provide notice of the problem"].)  Litigants should direct requests for relief pursuant to rule 2.259(c) to trial courts.  Trial courts should deem notices of appeal to be filed as of the date a party submitted the electronic document if the document was not received or accepted due to a technical problem with the court's electronic filing system.

But based on the facts and arguments before this court, rule 2.259(c) does not provide potential relief to appellants.  Appellants have not invoked rule 2.259(c) in their briefing, either here or in the trial court.  Appellants have not asserted that "a technical problem with a court's electronic filing system" (rule 2.259(c)) caused their notice of appeal to be rejected.  Appellants have not sought or provided evidence about the operation of the court's electronic filing system on the day in question, May 23, 2022.  Nothing in the record suggests there was a technical problem with the court's system.  No declaration has been filed by the legal vendor allegedly tasked with filing the notice of appeal.  Instead, the only evidentiary material available at this time pertains to the conduct of a legal assistant and the submission of the notice of appeal to the legal vendor for electronic filing.

*Does Rule 8.77(d) Apply to Appellants' Notice of Appeal?*

Title 8 of the California Rules of Court consists of the "Appellate Rules." (Rule 8.1.)  These rules apply to appeals from superior court, which are initiated by the notice of appeal.  (Rule 8.4(1).)  As already noted in this opinion, several rules in Title 8 apply to notices of appeal to determine timeliness.  And numerous other procedural requirements, including some pertaining to notices of appeal, are directed squarely at superior court clerks.  (E.g., Rules 8.100(b)(3), 8.100(e), 8.122, 8.308(d).)  Thus,

9

considering the context of Title 8 as a whole, it is plausible that rule 8.77(d) applies to the filing of a notice of appeal.

Rule 8.77(d) states: "If a filer fails to meet a filing deadline imposed by court order, rule, or statute because of a failure at any point in the electronic transmission and receipt of a document, the filer may file the document on paper or electronically as soon thereafter as practicable and accompany the filing with a motion to accept the document as timely filed.  For good cause shown, the court may enter an order permitting the document to be filed nunc pro tunc to the date the filer originally sought to transmit the document electronically."

Rule 8.77(d) appears to be broader than rule 2.259(c) in allowing a "failure *at any point* in the electronic transmission and receipt of a document" (rule 8.77(d), italics added) to serve as a ground for relief, not just a "technical problem with a *court's* electronic filing system" (rule 2.259(c), italics added).

Applying rule 8.77(d) to notices of appeal is a somewhat awkward fit. Article 5 of the Appellate Rules consists of rule 8.70 to rule 8.79.  Article 5 is directed — for the most part — toward documents filed in the appellate court.  Rule 8.70(a) states: "Notwithstanding any other rules to the contrary, the rules in this article govern filing and service by electronic means in the Supreme Court and the Courts of Appeal."  Under Article 5, "'[t]he court' means the Supreme Court or a Court of Appeal" (rule 8.70(c)(1)) and "'[e]lectronic filer' is a person filing a document in electronic form directly with the court, by an agent, or through an electronic filing service provider" (rule 8.70(c)(7)).  The defined term "the court" (meaning the Supreme Court and Courts of Appeal) is used throughout rule 8.77.

As noted above, notices of appeal are filed in the superior court, not the Court of Appeal.  Based on the foregoing considerations, one might reasonably read rule 8.70 as restricting the application of Article 5, including rule 8.77(d), to documents filed in the Court of Appeal or Supreme Court.

10

But other textual indications in Article 5 (and rule 8.77(d) in particular) support the application of rule 8.77(d) to notices of appeal.

"'Electronic filing'" is defined to include actions taken outside appellate courts, to wit, "the electronic transmission *to a court* of a document in electronic form for filing." (Rule 8.70(c)(8), italics added [does not use the defined term "'the court'"].)

Rule 8.77(d) does not use the term "electronic filer" (which is defined to be a person filing with "the court," i.e., an appellate court), instead opting for the undefined term "filer," which could include a person filing electronically with a court other than an appellate court.

Rule 8.77(d) governs the failure to timely file "a document." The word "'document'" is defined to mean, for purposes of Article 5, "any writing submitted to the reviewing court by a party or other person, including a brief, a petition, an appendix, or a motion" or "any writing transmitted by a trial court to the reviewing court, including *a notice* or a clerk's or reporter's transcript . . . ." (Rule 8.70(c)(2), italics added.)

The pertinent alleged failure in this case under rule 8.77(d) occurred at some "point in the electronic transmission . . . of a document." The phrase "electronic transmission" is defined in a manner that does not shed light either way in this dispute. (See Rules 8.70(c)(4) ["'Electronic transmission' means the sending of a document by electronic means to the electronic service address at or through which a party or other person has authorized electronic service"], 8.70(c)(3) ["'Electronic service' is service of a document on a party or other person by either electronic transmission or electronic notification. Electronic service may be performed directly by a party or other person, by an agent . . . , or by a court"].)

Though the rules are ambiguous, our view is that rule 8.77(d) should be applied to notices of appeal. Notices of appeal serve as the bridge between superior courts and courts of appeal. They are integral to proceedings at both levels. A close reading of the text of rule 8.77(d) does not clearly exclude notices of appeal from its

11

protections. And as discussed in further detail below, when courts are authorized by statute or rule to avoid the harshness of the jurisdictional appellate deadline, they should do so whenever possible.

*Which Court Determines Whether Relief Issues Under Rule 8.77(d)?*

"For good cause shown, *the court* may enter an order permitting the document to be filed nunc pro tunc to the date the filer originally sought to transmit the document electronically." (Rule 8.77(d), italics added.)

As already explained, Article 5 defines "'[t]he court'" to be "the Supreme Court or a Court of Appeal." (Rule 8.70(c)(1).) Hence, rule 8.77 should be interpreted and applied here in response to a motion, not in the trial court. We acknowledge an oddity: rule 8.77(d) contemplates that a filer should "file the document" and "accompany the filing with a motion" promptly after discovering the missed deadline. In the case of a notice of appeal, the motion will not "accompany" the late notice to the superior court, where the notice must be filed. This strange result is dictated by the language of the rule and the dual nature of notices of appeal. It cannot change the fact that rule 8.77(d) requires "the court" to rule on the motion.

Moreover, cases providing similar relief hold that appellate courts can act directly in this situation, rather than requiring the formalistic step of returning to the trial court or filing a petition for extraordinary relief. (See, e.g., *In re A.R.*, *supra*, 11 Cal.5th at p. 257 ["as a general matter, an application seeking to pursue or perfect an appeal is properly directed to the Court of Appeal rather than the superior court"]; *Pangilinan v. Palisoc*, *supra*, 227 Cal.App.4th at pp. 769-770 [as part of opinion reversing order, deems a civil notice of appeal — which had been wrongly rejected upon its first submission to the superior court clerk — to have been timely]; *People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1060-1063 [constructive filing of untimely criminal notice

of appeal caused by ineffective assistance of counsel may be granted by motion in the appeal; there is no need for a separate proceeding].)[4]

We hold that a rule 8.77(d) motion to file a notice of appeal nunc pro tunc must be filed in the Court of Appeal.

*What Burden of Proof Applies to Factual Determinations?*

The party invoking rule 8.77(d) must establish by motion: (1) the notice of appeal was not filed by the deadline because "of a failure at any point in the electronic transmission and receipt" of the notice of appeal; and (2) the party filed the notice of appeal "as soon thereafter as practicable."

Absent specific law to the contrary, general principles of law dictate that the moving party has the burden of proof to establish facts by a preponderance of the evidence. (Evid. Code, §§ 115, 500.)

However, case law acknowledges a "well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' [Citation.] . . . [T]here are many cases in which this policy, implemented *in accordance* with 'applicable rules,' will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period." (*Hollister*, *supra*, 15 Cal.3d at p. 674.)

---

[4] Thus, in the narrow group of favored cases, a timely notice of appeal is not always a "prerequisite" to appellate court jurisdiction (though it is still a "requisite" or "post-requisite"). The notice of appeal can be deemed timely or constructively filed by the appellate court after the appeal begins. If a timely notice of appeal were truly an "absolute jurisdictional prerequisite" in a strong and literal sense, courts of appeal would lack the power to act in an appeal until a timely notice had been filed. Reminiscent of Voltaire's quip concerning the Holy Roman Empire, the need for a timely notice of appeal is neither "absolute," nor "jurisdictional," nor a "prerequisite" — at least not in areas cordoned off from the draconian features of the general rule.

Courts have applied the "doubtful cases" rule in a variety of contexts to allow appeals to proceed when timeliness is uncertain. (E.g., *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 902-903 [civil appellate deadline rules are strictly construed to minimize harsh results]; *Warmington Old Town Associates v. Tustin Unified School Dist.* (2002) 101 Cal.App.4th 840, 848-849 [dispute over when notice of entry of judgment was served resolved in favor of appellant]; *Montgomery Ward & Co. v. Imperial Casualty & Indemnity Co.* (2000) 81 Cal.App.4th 356, 372-373 [same]; *Rapp v. Golden Eagle Ins. Co.*, *supra*, 24 Cal.App.4th at pp. 1172 [citing doubtful cases rule in support of deeming notice of appeal to be timely following superior court clerk's wrongful rejection].)

The "doubtful cases" doctrine does not shift the burden of proof to the respondent or lower the burden of proof below the preponderance of the evidence standard. But it does mean appellants should not be required to resolve all ambiguities and uncertainties in the record in order to obtain relief.

*Is There Good Cause to Deem the Notice of Appeal to be Timely Nunc Pro Tunc?*

As an initial matter, we treat appellants' motion filed in the trial court and the opposition papers filed here as satisfying the obligation to file a motion in this court under rule 8.77(d). The law was not clear prior to this opinion and it would be unfair to dismiss the appeal merely because appellants filed their motion for relief in the trial court.

Was the deadline missed because of "a failure at any point in the electronic transmission and receipt" of the notice of appeal? (Rule 8.77(d).) Respondent is certainly correct that the factual showing by appellants leaves many ambiguities and uncertainties. However, the only declarations in the record with personal knowledge of the key facts indicate the notice of appeal was "uploaded" to an electronic filing service on the same day the notice of appeal was served. Declarations represent that the

14

electronic filing service was instructed to file the notice of appeal. Absent evidence disproving this theory, it is a reasonable inference from the record that a failure in the electronic transmission of the notice of appeal caused the lack of a timely notice of appeal. Applying the doubtful cases doctrine to the record before us, we reject the inference that a more mundane reason was the true cause of the blown deadline (e.g., no attempt to electronically file the document occurred).

Did appellants file the notice of appeal and motion for relief "as soon thereafter as practicable?" (Rule 8.77(d).) No. Appellants attempted to file the notice of appeal on May 23, 2022. Appellants did not actually file the notice of appeal until June 21, 29 days later (and 15 days after the deadline to file a notice of appeal). This was not as soon as practicable. (See Rule 2.259(a)(4) ["In the absence of the court's confirmation of receipt and filing, there is no presumption that the court received and filed the document. The electronic filer is responsible for verifying that the court received and filed any document that the electronic filer submitted to the court electronically"]; Rule 8.77(a)(5) [similar language].) Regardless of the circumstances, it is difficult to imagine how a party could ever meet the standard set by rule 8.77(d) with a 29-day gap between the initial attempt to file and the follow-up filing. Certainly, on this factual record, appellants' lack of diligence precludes relief.

## DISPOSITION

Respondent's request for judicial notice in support of the motion to dismiss is granted. The motion to dismiss the appeal is granted. The appeal is dismissed. Respondent shall recover costs incurred on appeal.