Filed 11/22/22 P. v. Munguia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094905 |
| v. | (Super. Ct. Nos. 17CF03302, 17CF03778, 21CF01341) |
| MARCO ANTONIO MUNGUIA, | |
| Defendant and Appellant. | |

Defendant Marco Antonio Munguia pleaded no contest to possessing a controlled substance for sale and resisting a peace officer, and the trial court found he had violated the conditions of probation in two prior cases. The trial court sentenced defendant to an aggregate stipulated term of 12 years in prison for all three cases and imposed and reimposed various fines and fees.

1

Defendant now contends certain fees must be vacated under subsequent legislation. The People agree, as do we. We will modify the judgment to vacate the repealed fees and affirm the judgment as modified.

BACKGROUND

In 2017, defendant pleaded guilty to assault with a firearm (Pen. Code, § 245, subd. (a)(2) -- case No. 17CF03302)[1] and dissuading a witness by threat of violence (§ 136.1, subd. (c)(1) [see § 136.1, subd. (a)(1)] -- case No. 17CF03778) and admitted committing the dissuasion offense while released on bail for the assault offense (§ 12022.1 -- case No. 17CF03778). The trial court granted probation and suspended imposition of sentence. The trial court ordered defendant to pay various fines and fees, including: (1) probation supervision fees of up to $164 per month (former § 1203.1b), (2) a $25 administrative screening fee (former § 1463.07), (3) a conditional account receivable fee of $30 (former § 1205), and (4) a conditional installment payment fee of $35 (former § 1205).

In July 2021, defendant pleaded no contest to three counts of possessing a controlled substance for sale (Health & Saf. Code, § 11351 [see Health & Saf. Code, § 11055, subd. (b)(1)(I), (1)(M) & (6)] -- case No. 21CF01341) and one count of resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1) -- case No. 21CF01341). The trial court found that defendant violated the conditions of probation from his two prior cases. Later that month, the trial court sentenced defendant to an aggregate stipulated term of 12 years in prison for all three cases. In addition to imposing fines and fees for the new case, the trial court reimposed fines and fees from the two prior cases.

---

[1] Undesignated statutory references are to the Penal Code.

In supplemental briefing, the parties agreed that this court could conclude, on its own motion, that defendant constructively filed his notices of appeal in a timely matter. Based on our review of the record, we so conclude on our own motion. (See *People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1060-1065; § 1240.1.)

## DISCUSSION

The parties agree that recent legislation makes some of the imposed fees unenforceable and uncollectable and requires us to vacate the portion of the judgment imposing those fees.

Defendant asserts that the trial court imposed an $860 fee for the cost of preparing a presentence investigative report, as recommended by the probation officer. But the trial court expressly declined to impose such a fee, finding defendant lacked the ability to pay it. However, the trial court imposed probation supervision fees under the same provision of law, former section 1203.1b. The People agree that any fee imposed under former section 1203.1b is unenforceable and should be vacated.

Section 1465.9 provides, in relevant part: "The balance of any court-imposed costs pursuant to . . . Sections . . . 1203.1b [and] 1463.07 . . . shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated" and, "after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1205 . . . as th[e] [section] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subds. (a) & (b).) Thus, the statute automatically makes the unpaid balance of any fees imposed pursuant to sections 12301.1b, 1205, and 1463.07 unenforceable and uncollectable and requires us to vacate the portion of the judgment imposing these costs. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260.)

We will modify the judgment to vacate the repealed fees. Because the abstract of judgment does not reflect the imposition of the repealed fees, it need not be amended.

3

## DISPOSITION

The judgment is modified to vacate the probation supervision fees of up to $164 per month, the $25 administrative screening fee, the $30 conditional account receivable fee, and the $35 conditional installment payment fee. The judgment is affirmed as modified.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
HOCH, J.

_____/S/_____
BOULWARE EURIE, J.

4